**Fred CARTER**

v.

**Robert H. FINCH, Secretary of Health, Education and Welfare.**

**Civ. A. No. 431.**

United States District Court
S. D. West Virginia.

Feb. 6, 1969.

E. Carl Meadows, Jr., Beckley, W. Va., for plaintiff.

W. Warren Upton, Asst. U. S. Atty., Charleston, W. Va., for HEW.

FIELD, Chief Judge.

This is a review under 42 U.S.C.A. § 405(g) of a decision of the Secretary of Health, Education and Welfare. That decision disallowed the plaintiff's claim for a period of disability under 42 U.S.C.A. § 416(i) and for disability insurance benefits under 42 U.S.C.A. § 423.

The case is now pending on motions for summary judgment made by both parties. The only issue for determination is whether the decision of the Secretary is supported by substantial evidence. 42 U.S.C.A. § 405(g).

In Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966), substantial evidence was defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a scintilla of evidence but may be somewhat less than a preponderance." In addition, the court pointed out that if the Secretary's decision was supported by substantial evidence, the obligation of the court was fulfilled in that it had no power to weigh the evidence or substitute its judgment for that of the Secretary.

Plaintiff first filed an application for a period of disability and for disability insurance benefits on January 23, 1961. This application was denied administratively on April 3, 1961, and no further action was taken by the plaintiff.

A second application was filed by plaintiff on August 20, 1962. It was denied initially on October 18, 1962, and denied on reconsideration on June 21, 1963. As a result of these administrative denials, on September 3, 1963, plaintiff filed a request for hearing on his claim. The requested hearing was held before a Hearing Examiner in Beckley, West Virginia, on November 20, 1963. The Hearing Examiner issued a recommended decision on February 25, 1964, denying plaintiff's claim.

On April 3, 1964, plaintiff filed a request for review of the Hearing Examiner's action with the Social Security Administration's Appeals Council on April 23, 1964. Further pursuing his remedies in this matter, plaintiff filed a civil action in this Court on June 1, 1964, seeking a reversal of the final denial of his application by the Secretary of Health, Education and Welfare.

On August 5, 1965, an order was entered in this Court pursuant to a letter opinion relative to the matter, dated July 28, 1965, affirming the Secretary's decision. Plaintiff appealed the decision of this Court to the Fourth Circuit Court of Appeals, and by order of October 4, 1966, the order of the District Court was vacated and remanded. This Court remanded the case to the Secretary on November 9, 1966, for further proceedings. The Secretary accordingly vacated his action of April 23, 1964, and remanded the case to the Hearing Examiner for further administrative action. A supplemental hearing was held on April 21, 1967.

On May 9, 1967, the Hearing Examiner issued another recommended decision holding plaintiff not to be disabled. This decision was affirmed by the Appeals Council on June 19, 1967. This final decision holds that plaintiff is not entitled to any period of disability or disability insurance benefits on the basis of his aforementioned application. The present review is a result of that final decision.

The 1966 remand by the Fourth Circuit Court of Appeals of the previous decision of this Court in this case was due to the Social Security Act Amendments of 1965. These Amendments altered the duration of the impairments claimed to be disabling. The law prior to the 1965 Amendments defined disability as:

" * * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or to be of long-continued or indefinite duration."

The 1965 Amendments to the Act (Pub. L. No. 89–97, July 30, 1965) change the language relative to duration from "long-continued and indefinite" to "a continuous period of not less than 12 calendar months."

In addition, and of more concern here, is the change under Pub.L. No. 89–97 to eliminate the pre-1965 three-month prospective life of an application. Under the Amendments an application for disability insurance benefits and a period of disability which is filed before the claim-

ant meets all the requirements for entitlement will be a valid application if the claimant meets the requirements prior to the time a final decision is rendered on such application. This alteration is qualified, however, in that the claimant must also establish a disability which commenced while he met the special insured status requirements of the Act.

The significance of this in the present action is that under the pre-1965 law the plaintiff's application and judicial review were concerned with whether he was disabled within the meaning of the Act prior to November 20, 1962 (three months from the date of application, August 20, 1962), while under the 1965 Amendments the determination must relate to whether he was disabled prior to March 31, 1965 (the date plaintiff last met the special earnings requirements for disability).

The Secretary's decision now under review found that the plaintiff was not disabled on or before March 31, 1965. The Court having previously determined that the Secretary's decision which held the plaintiff was not disabled on or before November 20, 1962, was supported by substantial evidence, the question now of concern is whether or not his finding that no disability arose between November 20, 1962, and March 31, 1965, is also supported by substantial evidence.

Plaintiff was born December 10, 1921, and completed the eleventh grade in school. His vocational background consists basically of work in the coal mines where he performed numerous jobs. These included electric pump operator, brakeman, motorman, loading machine operator, belt man, and foreman of a belt crew. He had no physical problems with his work until 1957 when his knee was injured. It was operated on and he returned to his work in the mines until 1959. He alleges that he became disabled in June of 1959 because of a skin condition, right knee injury, a bad back, a stiff right hand, and a finger amputation.

In Lackey v. Celebrezze, 349 F. 2d 76 (4th Cir. 1965), the court set forth four types of proof or criteria which are to be considered in determining whether there is substantial support in the record for the denial of benefits by the Secretary. These are:

(1) objective medical facts;

(2) expert medical opinion;

(3) subjective evidence of pain and disability; and

(4) claimant's present age, educational background and work history.

The objective medical facts and expert medical opinion of particular concern in this matter are those which were not applicable when this Court upheld the Secretary in 1965. In its decision in 1966 the Court of Appeals manifested particular concern over the possible effects of two accidents involving plaintiff which took place subsequent to November 20, 1962, the date marking the end of the then effective period of the application. Particularly, these were a fall from a scaffold in November, 1962, and an auto accident in May, 1963. Plaintiff suffered no serious injuries in the auto accident, but did injure his back in the scaffold fall. Although this fall did not take place within the pre-1965 Amendments' period of the application, it was discussed in my previous letter opinion in this case. It was then noted that plaintiff's condition was "satisfactory" one month after the fall.

In addition, the previous opinion noted that most of the examining physicians felt plaintiff's condition would improve. On the other hand, it noted that a Dr. Daniel was of the opinion that plaintiff was unable to work.

At the hearing held subsequent to the 1966 remand of this case to the Secretary additional medical evidence was introduced. In these new examinations, at least three physicians were of the opinion that plaintiff was totally disabled and incapacitated. The others determined him not able to perform heavy work, but not totally disabled. In addi-

tion, a comprehensive examination conducted by the Veterans Administration resulted in a conclusion that plaintiff was employable.

■ In summary, the medical evidence of plaintiff's condition since 1962 indicated that the only possible change is relative to his back impairment. The evidence in this regard is, as indicated above, conflicting. Some physicians feel plaintiff is disabled, while others conclude he is employable at other than manual labor. When such conflicts exist in the evidence, it is well established that it is normally for the Secretary, and not the Courts, to resolve them. Snyder v. Ribicoff, 307 F.2d 518 (4th Cir. 1962).

■ Although the subjective pain which plaintiff claims to suffer is an appropriate factor for consideration in this case, the evidence on this point in this record does not, in my view, warrant the application of the *Ber* doctrine. Ber v. Celebrezze, 332 F.2d 293 (2d Cir. 1964.) This doctrine, adopted in this circuit in Brandon v. Gardner, 377 F.2d 488 (4th Cir. 1967) holds that "pain \* \* \* so intense to be disabling will support a claim for disability benefits." Support for not invoking this doctrine is found in the evidence to the effect that plaintiff, during the period in question, could drive a car, take daily walks, and care for small children.

It is also important to note that plaintiff is only 47 years of age, has nearly a high school education, and has received a great deal of vocational training. In addition, a vocational witness testified that, considering plaintiff's medical and vocational capacity, he could perform some jobs currently available in the local area of his residence.

After reviewing the record as a whole, it is my opinion that the Secretary's decision that plaintiff was not disabled on or before March 31, 1965, is not lacking in substantial evidence to support it. He has resolved the conflict in the medical evidence, as it was for him to do, and found that plaintiff was not unable to engage in any substantial gainful activity. His decision was made under both the applicable law prior to the 1965 Social Security Act Amendments and the law made applicable by those Amendments.

Accordingly, the plaintiff's motion for summary judgment is denied, the Secretary's motion for summary judgment is granted, and his decision is affirmed. Counsel may prepare an appropriate order incorporating this opinion by reference therein.