**Francisco Rosado TOLEDO**

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE.**

**Civ. No. 747–68.**

United States District Court
D. Puerto Rico.

Jan. 29, 1970.

Carlos Santos Correa, Santurce, P. R., for plaintiff.

Candita R. Orlandi, Asst. U. S. Atty., San Juan, P. R., for defendant.

## ORDER AND MEMORANDUM OPINION

FERNANDEZ-BADILLO, District Judge.

Francisco Rosado Toledo commenced this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final adverse decision of the Secretary of Health, Education and Welfare by which disability insurance benefits and the establishment of a period of disability had been denied. His claim of disability is based on an arthritic condition which he described at the hearing as a "church without a priest * * * [in] that there is no hope for it." In his application for disability insurance benefits he alleged the year 1957 as date of onset or that in which he became unable to work due to this condition. The insured status requirement was last met on December 31, 1960 but his application was not made until September 8, 1967. Claimant gave as reasons for this considerable delay in filing an application the fact that he did not want to quit working and from 1957 on he "kept on trying and struggling until close to 1960" when he "had to quit and go to bed." He took no steps at that time to further his claim

because he "was very ill * * * and didn't know for sure whether [he] had rights or not" (Tr. pp. 22–23)

The hearing examiner's decision[1] was essentially based on the insufficiency of medical evidence[2] which would establish a qualifying disability by reason of a physical impairment on or before the last day of applicant's insurance coverage. The situation now before the Court was accurately described in Wylie v. Secretary of Health, Education and Welfare, 296 F.Supp. 738, at page 741 (D.Conn., 1968):

"* * * This case is unlike the normal case, in which there is direct medical evidence obtained during the time when the applicant was in an insured status, the evidence is conflicting, and the hearing examiner weighs the evidence on each side. Here, the examiner's recommendation was based not on a weighing of conflicting evidence but on a lack of sufficient evidence of a medical impairment for the relevant period.

"The applicant has the burden of proving disability * * * Furthermore, the applicant must show that the disability occurred prior to the time the insured status ended * * * and where there is no evidence of the alleged impairment for the prior period, that impairment cannot be considered in determining disability."

Although noting that medical evidence from the period after the insured status expired might possibly aid in determining the condition before, the Court found that a medical report on the sup-

---

1. Said decision was upheld by the Appeals Council by notice to petitioner of September 12, 1968.

2. That part of the examiner's opinion which is pertinent herein reads as follows:

    "* * * a claimant must have become disabled during the period that he maintained an insured status—in this case, at some time between January 1, 1957 and December 31, 1960, and of this basic requirement the claimant

indicated at the hearing that he was well aware. This burden of proof this claimant has simply failed to sustain by the scant credible evidence that he has offered and applicable to said pertinent period—and this Hearing Examiner so finds. Claimant's present, apparently crippling condition, is irrelevant and immaterial to his physical state some 10–11 years previously on January 1, 1957, his alleged date of onset of disability—and this Hearing Examiner further so finds."

194

posedly disabling condition made thirteen years after the insured status expired was "purely speculative." See also: Bailey v. Finch, 300 F.Supp. 232 (W.D.Ark., 1969).

In the present case the only medical report submitted by plaintiff is dated September 14, 1967, seven years after the insured status ended and approximately ten years after the disability allegedly set in. The examining physician, Dr. José A. Martínez, made no finding or comment in this report other than indicating that claimant was treated with various prescriptions for pain in the right leg and diagnosed arthritis of the right lower extremity. Both at the hearing and during the disability interview held on September 8, 1967 plaintiff stated that he had never sought medical attention. Questioned by the hearing examiner he declared that before being treated by Dr. Martínez "the treatment * * * was these home remedies and different types of homemade things" (Tr. p. 29). Although having testified that he was never hospitalized before 1960, upon further questioning Mr. Rosado answered that he had been treated as an out-patient at the Arecibo District Hospital during the relevant period by a Dr. Eddie García whom he thought was in Viet Nam at the time. Fruitless efforts were made by the Social Security Administration to locate claimant's records both at the Arecibo District Hospital and the Arecibo Municipal Hospital.

There were no witnesses presented. Aside from the 1967 medical report the only other evidence introduced was plaintiff's testimony at the hearing concerning the painful condition resulting from the arthritis. Plaintiff argues in his brief in support of the complaint that the examiner's recommended decision, based on his failure to furnish medical evidence, ignored the subjective proof of pain and "incorrectly adhered to the rule that an impairment must be objectively measured by medical standards when disability can be established, as plaintiff did establish, with his un-

controverted testimony about his physical crippling impairments, which the Hearing Examiner includes in his decision, but gives no weight to the same." The contention advanced by plaintiff was considered by the Court of Appeals for the Fourth Circuit in Mounts v. Finch, 304 F.Supp. 910, 917 (S.D.W.Va., 1969) where it was stated that:

"While this Court is fully aware that clinical medical reports are not necessarily dispositive of the question of a claimant's disability * * * it is clear that such reports are essential to an obvious interrelation of the four elements of proof the fact finder must recognize in determining a claimant's ability or inability to engage in any substantial gainful activity. This interrelation includes (1) the objective medical facts, which are the clinical findings of treating or examining physicians divorced from their expert judgments or opinion as to the significance of these clinical findings, (2) the diagnoses and expert medical opinions of the treating and examining physicians on subsidiary questions of fact, (3) the subjective evidence of pain and disability as testified to by claimant, and (4) claimant's educational background, work history and present age. Underwood v. Ribicoff, supra. The record shows only the plaintiff's own declaration that he was disabled within the meaning of the Social Security Act. We think such evidence, standing alone, is entitled to little weight."

It is conceded that the examiner made reference to plaintiff's apparently crippled condition at the time of the hearing. However, the complete lack of medical evidence contemporaneous to the relevant period concerning the existence of the disability alleged is a clear indication of plaintiff's failure to meet his initial burden of proof. The examiner could hardly interrelate the elements of proof in this particular case when he lacked the benefit of an essential factor: medical opinion and data relative to the existence, continuity and severity of this

man's condition on or before December 31, 1960—the last day he was insured. The one medical report on record, besides being too far removed in time from the insured period, contains no statement which could possibly aid the fact-finder in disclosing claimant's physical capacity almost a decade before. Moreover, claimant's oral testimony of pain all over his body and of limitation of movement, without more, falls short of the mark required of any disability benefits claimant in 42 U.S.C. § 423(d)(5) which provides that:

"An individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Secretary may require."

Finally, the Court must reject plaintiff's request that the case be remanded with an order that he be represented by counsel in all further proceedings before the agency surrounding his claim. Indeed it is within the Court's power to remand a case for reconsideration to the agency with instructions that additional evidence be received and incorporated into the record. (42 U.S.C. § 405(g)). Counsel for plaintiff, however, has not represented to the Court that he intends to submit additional evidence bearing upon his condition before the insurance coverage expired. No reason has been advanced which would justify remand. Neither is the Court persuaded by the allegation[3] that the only reason for the denial of benefits was the lack of assistance of counsel at the administrative hearing. The transcript of the hearing does not warrant that conclusion. The examiner afforded plaintiff a fair hearing at which he was given the opportunity to present any evidence and ask any questions. Time and again the examiner tried to refresh claimant's memory and appealed to him to bring forth any medical evidence from the time of his insured status which would support his disability claim. Apart from his recollection of treatment at the Arecibo District Hospital, plaintiff recognized that he had not sought treatment for his malady and could not offer evidence of its existence before the earnings requirement date. Faced with such a situation the Court has the duty to uphold the Secretary's finding that claimant did not establish a disability as defined under the Social Security Act and was, therefore, not entitled to receive disability insurance benefits. Having thus failed to meet the requirements of proof set forth in the Act the complaint must be dismissed and the decision of the Secretary of Health, Education and Welfare is hereby affirmed. It is so ordered.

---

3. Brief in Support of Plaintiff's Complaint, page 4.