**Juan AYALA, Plaintiff,**

v.

**SECRETARY OF HEALTH, EDUCA-TION AND WELFARE, Defendant.**

**Civ. No. 554–71.**

United States District Court, D. Puerto Rico.

Aug. 22, 1973.

See also D.C., 342 F.Supp. 496.

Jorge de la Torre, Hato Rey, P. R., for plaintiff.

Julio Morales-Sanchez, U. S. Atty., San Juan, P. R., for defendant.

## ORDER

TOLEDO, Chief, Judge.

This cause is before the Court pursuant to plaintiff's action under Section 405(g) of Title 42, United States Code, seeking a review of a final decision of the defendant (hereinafter the Secretary) which determined that he was not entitled to a period of disability and to the disability insurance benefits for which he applied on December 1, 1969. Plaintiff alleges that he became unable to work on April 6, 1969, by reason of multiple fractures caused by two accidents and alleged residual headaches, as well as permanent pain in the neck and pain from the shoulders to the elbows and from the knees to the waist.

The only issue before this Court is whether the Secretary's decision is supported by substantial evidence based upon the whole record. Santiago v. Secretary of Health, Education and Welfare (D.C.P.R.1971), 336 F.Supp. 1071.

■■ This Court has constantly reaffirmed that it is settled law that the burden of proof rests upon the plaintiff to establish that he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment as contemplated by the Social Security Act

(Title 42, United States Code, Section 423); although this burden need not be established beyond a reasonable doubt. Accordingly, the Secretary does not have the burden of making an initial showing of nondisability. Magdalena Salas v. Secretary of Health, Education and Welfare (D.C.P.R.1972) (Memorandum Opinion and Order of December 18, 1972, in Civil No. 607–70). Additionally, we have asserted that the mere presence of a disease or impairment is not in and of itself disabling, but it must be shown that the disease or impairment causes functional limitations which precludes plaintiff from engaging in substantial gainful activity. Angela Perez v. Secretary of Health, Education and Welfare (D.C.P.R.1972) (Order of December 14, 1972) in Civil No. 148–71). See also Reyes Robles v. Finch (1 Cir. 1969), 409 F.2d 84.

 Likewise, it is also well settled that the findings of the Secretary, if supported by substantial evidence, shall be conclusive and, accordingly, should not be disturbed by a reviewing court. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The conclusive effect of the substantial evidence rule applies not only with respect to the basic evidentiary facts, but also to inferences and conclusions drawn therefrom. Santiago Berrios v. Secretary of Health, Education and Welfare (D.C.P.R.1972) (Memorandum and Order of December 12, 1972 in Civil No. 196–70). See also Levine v. Gardner (2 Cir. 1969), 360 F.2d 727.

 After fully scrutinizing the whole record and carefully considering the medical as well as the non-medical evidence in record, we are of the opinion that the decision of the Secretary is supported by substantial evidence; thus deserving affirmance. We are satisfied that the plaintiff failed to prove that he is unable to engage in any substantial gainful activity by reason of his alleged physical impairments as required by the Act. We are also satisfied that in determining whether plaintiff is disabled within the meaning of the Act, the Secretary considered, together and in combination with each other, the: (1) objective medical facts and clinical findings; (2) diagnosis of examining physicians; (3) subjective evidence of pain and disability as testified by the plaintiff; and (4) plaintiff's age, education and work experience. De Paepe v. Richardson, (5 Cir. 1972), 464 F.2d 92. See also Toledo v. Secretary of Health, Education and Welfare (D.C. P.R.1970), 308 F.Supp. 192.

Plaintiff's counsel has expressed before this Court that he is in substantial agreement with the statement of the case made by the defendant in his brief in support to the answer to the complaint. Notwithstanding, he brings to the attention of the Court facts which are basically directed to express the limited education of the plaintiff (up to fifth grade), the nature of his lifetime work (farmer labor), that the plaintiff was not represented by counsel at the hearing and that due to the complexity of the administrative process, specially being it conducted in the English language (an interpreter was provided) plaintiff's presentation of his case was inadequate. This Court has been very mindful of the nature of the administrative process followed before the Secretary and of the limitations a claimant may have before it, specially when the record reveals the claimant suffers of some mental condition, he is unassisted by counsel at the hearing before the Secretary, and a much better case could have been presented, had he been assisted by counsel. See e.g. Meléndez Carrasquillo v. Secretary of Health, Education and Welfare (D.C.P.R.1973) (Memorandum Opinion and Order of March 23, 1973 in Civil No. 425–71); Pagan v. Secretary of Health, Education and Welfare (D.C.P.R.1972) (Memorandum and Order of December 13, 1972 in Civil No. 593–71). See also Concepcion v. Secretary of Health, Education and Welfare (D.C.P.R.1971), 337 F.Supp. 899; Torres v. Secretary of Health, Education and Welfare (D.C.P.R.1971), 337 F.

Supp. 1329. But our relevant decisions have been made in the factual context of each case and we have not ever announced a mechanical rule which would relieve each applicant from his initial burden of proving disability. Simon Rivera Lazu v. Secretary of Health, Education and Welfare (D.C.P.R.1973) Order of June 5, 1973 in Civil No. 540–71.

■ Plaintiff's attorney stresses all along the point that administrative judgments should not rest on less than all reasonable available evidence, that it is not satisfactory to say that plaintiff did not produce all the possible evidence in his own behalf when it is clear that he is without counsel and unlearned and that plaintiff should be given a reasonable opportunity to introduce all available evidence and that counsel is necessary to elicit this evidence. Accordingly, plaintiff's counsel request that we remand under Title 42, United States Code, Section 405(g), so that the plaintiff could present medical evidence that would shed light on his condition. Nowhere does plaintiff's counsel state what evidence could plaintiff present that would enable him, with the assistance of counsel, to present a much better case. Counsel fails to bear in mind that plaintiff, at the hearing held before the hearing examiner, expressed that the evidence he had to sustain his claim was that already before the Secretary (Exhibits 1 to 14, Tr. 46–85) and that he had no other papers (Tr. 19). Plaintiff's counsel calls the exhibits hearsay evidence of which the plaintiff was not made aware of his right to object and further states that plaintiff was likewise not made aware of his right to cross examine the medical doctors who produced the reports. We fail to see any merits to this proposition in the light of the facts and circumstances of the case. The administrative process contemplated in the Social Security Act is not an adversary process like the one followed in the courts. The rules of evidence do not apply in the social security administrative procedure. Furthermore, plaintiff's counsel forgets to bear in mind that all the documentary evidence the hearing examiner had before him, which counsel now objects, is the evidence developed in the administrative process since the inception of the administrative claim. Additionally plaintiff was duly advised by the Secretary of his right to be represented by counsel at the hearing before the hearing examiner in accordance with the law, as well as to his right to present witnesses and any other evidence, as well as to give oral testimony.

The plaintiff herein is a 49 year old male with a fifth grade education who fails to show any mental disorder. In relation to the medical evidence it suffices to say that it in no way reflects that plaintiff is disabled within the meaning of the Social Security Act. Even assuming that plaintiff may have the impairments he alleges, there is evidence to the effect that he can perform other jobs which exist in significant numbers in the national economy, which a man of his age, background and education could very easily perform with efficiency. Plaintiff's self serving allegations as to pain are not persuasive to us, in view of the medical evidence. He has failed to establish the existence and severity of such pain by more than mere allegations. Simon Rivera Lazu v. Secretary of Health, Education and Welfare (Order of June 5, 1973 in Civil No. 540–71).

■ In view of the foregoing, we fail to see that the facts and circumstances of this cause constitute "good cause" for remand pursuant to Section 405(g) of Title 42, United States Code. We will not alter a determination by the Secretary, if, as in this case, the findings of the hearing examiner are supported by substantial evidence.

Wherefore, it is hereby ordered, that the complaint filed by plaintiff be and is hereby dismissed on the aforementioned grounds.

It is so ordered.