**Mae Ottis HUTCHINSON, Plaintiff,**

v.

**Caspar WEINBERGER, Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 74–40081.**

United States District Court, E. D. Michigan, S. D.

July 23, 1975.

Ralph B. Guy, U. S. Atty., John Patrick Conley, Asst. U. S. Atty., Flint, Mich., for defendant.

Leitson, Dean, Dean, Segar & Hart, P. C., Max Dean, Flint, Mich., for plaintiff.

## MEMORANDUM OPINION

JAMES HARVEY, District Judge.

On May 31, 1974 plaintiff filed a single-count complaint pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare. The final administrative decision in this case was rendered by the Appeals Council on April 2, 1974 determining that plaintiff Mae Hutchinson was not entitled to a period of disability or to disability benefits under Sections 216(i) and 223 of the Act, 42 U.S.C. § 416(i) and § 423 respectively.

The defendant answered the above complaint on September 27, 1974. Subsequently on January 15, 1975 defendant filed a motion for summary judgment.

Shortly thereafter, defendant filed its response to defendant's motion and a cross-motion for summary judgment. In the alternative to summary judgment, plaintiff has also moved for a remand of these proceedings back to the Administrative Forum for further review.

The cross motions for summary judgment were orally argued before the Court on July 21, 1975. The Court, having carefully read and considered the motions and briefs submitted and further having heard the oral presentation of the same by counsel has decided the issues pending in this cause in its opinion set out below.

## I. MOTION TO REMAND

Defendant has requested a remand of these proceedings back to the Administrative Forum because the claimant was without counsel at the time of hearing and not all relevant facts were explored by the Administrative Law Judge.

The Court does not agree that this cause should be remanded for the reasons plaintiff has set out above. Plaintiff has not shown "good cause" for remand as required by law. *Rolenaitise v. Richardson*, 336 F.Supp. 1235 (E.D.Pa.1972), *aff'd* 475 F.2d 1396 (CA 3, 1973); *Lucas v. Finch*, 322 F.Supp. 1209 (S.D.W.Va. 1970); *aff'd* 453 F.2d 1255 (CA 4, 1972); *Sykes v. Finch*, 443 F.2d 192 (CA 7, 1971); *Plotts v. Richardson*, 436 F.2d 1376 (CA 8, 1971), *cert. den.* 404 U.S. 913, 92 S.Ct. 238, 30 L.Ed.2d 187 (1971), rehearing denied 404 U.S. 996, 92 S.Ct. 539, 30 L.Ed.2d 549 (1971).

Plaintiff alleges "good cause" based upon her lack of legal representation at the administrative hearing. The Secretary met his responsibility under the Social Security Act by informing plaintiff of her right to legal representation which plaintiff voluntarily declined. (Tr. 21). See *Goodman v. Richardson*, 448 F.2d 388 (CA 5, 1971). A plaintiff who is fully informed of her right to obtain counsel in a hearing for disability benefits, but who decides to forego such a

right and so indicates at the hearing, cannot assert she was not given a fair hearing due to lack of counsel. *Ayala v. Secretary of Health, Education and Welfare,* 372 F.Supp. 1216 (D.P.R.1973); *Cunningham v. Richardson,* 360 F.Supp. 1037 (E.D.Pa.1973); *Cross v. Finch,* 427 F.2d 406 (CA 5, 1970).

■ Plaintiff has failed to show "clear prejudice or unfairness," and absent such a showing, the lack of counsel at the hearing is insufficient to justify a remand. *Domozik v. Cohen,* 413 F.2d 5 (CA 3, 1969); *Cunningham v. Richardson, supra; Cross v. Finch, supra.*

■ Plaintiff further alleges that if remand is granted, lay and medical testimony "could be" presented on issues relevant to the consideration of this case. Plaintiff must show to the Court not only the new evidence she wishes to introduce into the record, *Long v. Richardson,* 334 F.Supp. 305 (W.D.Va.1971); but she must also show that such evidence is required to be made a part of the record in order to afford her a fair hearing; *Hupp v. Celebrezze,* 220 F.Supp. 463 (N.D.Iowa, 1962); or that if such evidence is made a part of the record the decision of the Secretary might have been different. *Lucas v. Finch, supra.* Failure to show the above will result in a denial of a request for remand. *Patton v. Finch,* 305 F.Supp. 810 (W.D.N.C. 1969); *Taylor v. Secretary of Health, Education and Welfare,* 362 F.Supp. 952 (D.Kan.1973).

In this case, plaintiff has not established that a remand to the Secretary would be justified. Plaintiff has not made any showing of what evidence she wishes to submit for consideration, nor that such evidence is necessary in order to afford her a fair hearing or would change the Secretary's decision.

Therefore, for all the above reasons, plaintiff's motion to remand will hereby be denied.

## II. CROSS MOTIONS FOR SUMMARY JUDGMENT

The Court has denied plaintiff's motion for remand. Now, the Court must consider the cross motions for summary judgment.

The history of plaintiff's claim is as follows:

She applied for a period of disability and for disability benefits on January 16, 1973, alleging that she became unable to work on June 2, 1972. This application was denied initially and on reconsideration by the Bureau of Disability Insurance of the Social Security Administration, after the Michigan State Agency, upon evaluation of the evidence by a physician and a disability examiner had found that plaintiff was not under a disability. The Administrative Law Judge, before whom plaintiff appeared, considered the case *de novo* and on February 20, 1974 found that plaintiff was not under a disability. The Administrative Law Judge's decision became the final decision of the Secretary of Health, Education and Welfare when the Appeals Council approved that decision on April 2, 1974.

The record discloses the following facts:

Plaintiff was born March 27, 1927. She has a high school education. She has been steadily employed in various jobs all her life. She has worked as a waitress and in the automotive industry as a packer, machine operator and as a janitress. Plaintiff alleges inability to work since June 2, 1972 at age 45, due to arthritis and an injury to her left upper extremity.

The medical evidence submitted to the Administrative Law Judge consisted of the reports of seven examining physicians covering a period of time from 1962 to 1973. The consensus of those familiar with her physical condition was that plaintiff's principal problem was arthritis affecting her left shoulder and arm.

Dr. Hira E. Branch, an orthopedic specialist, who performed corrective surgery in 1962 on plaintiff's left shoulder and arm, indicated that recovery from the operation was satisfactory. Subsequently plaintiff returned to work in 1962 as a packer of automobile parts.

Dr. Harold O. Smith examined plaintiff in 1962 and found that plaintiff had a full range of motion in her left shoulder with no undue tenderness. Upon further examination, plaintiff complained of some pain in her left upper extremity. Dr. Smith prescribed hot fomentations and medications. A second report of Dr. Smith is substantially the same as his first mentioned in substance above.

A report from Dr. Ben S. Farah, internal medicine specialist covered the period from March, 1959 through May, 1972. Plaintiff began having back pain in 1959 and had treatment for back pain beginning in 1959 and continuing through May, 1972 which included rest, heat and medication. Plaintiff's response to treatment was satisfactory.

In November of 1972, plaintiff was seen by Dr. Sara Walker, internal medicine specialist for an evaluation of joint and muscle pain. There was normal range of back motion. Muscle tone and strength were satisfactory. No clear-cut diagnosis was made and additional tests were recommended.

An examination by Dr. James Van Brocklin, physical medicine and rehabilitation specialist, in June 1973, covered shoulder and back pain. He found a full range of back motion but during the shoulder examination, plaintiff complained of pain. Dr. Van Brocklin felt that she was over-reacting because at other times during the examination he found a full range of motion with no apparent discomfort. Special tests showed no nerve or muscle abnormality. Dr. Van Brocklin felt that she could return to gainful work not involving repetitive use of an upper extremity.

An examination by Dr. Armand Montero in November, 1973 reviewed plaintiff's arthritic complaints. Special laboratory tests designed to show the presence of arthritis were negative. X-rays of the back showed changes that are seen in everyone as they grow older. He noted that her grip was poor but felt that this was because of the possibility of pain occurring. No evidence of nerve pinching was found.

The record also contains two reports from Dr. J. J. Gutov, general practitioner, covering visits beginning in June, 1972 through February 22, 1973. In a report dated February 22, 1973, Dr. Gutov noted that in March, 1972, plaintiff had a gradual onset of pain in her left wrist but experienced no deficit in range of motion. There was no sign of swelling, subcutaneous nodules, deformities or atrophy. Diagnosis was arthralgia—left wrist. A subsequent report states that plaintiff was examined by Dr. Van Brocklin in April, 1972 at the request of the Metropolitan Life Insurance Company because of plaintiff's prolonged illness.

The Administrative Law Judge relying on the reports of Doctors Van Brocklin, Gutov, Walker and Farah concluded that claimant suffers from only occasional episodes of arthritis and bursitis which are amenable to treatment. He found claimant unable to perform heavy manual labor or work requiring frequent lifting, bending or stooping, but is able to function otherwise satisfactorily. A further finding was made that considering claimant's residual physical capacity and her vocational background, she was able to perform jobs which are present in significant numbers in the region where she lives. Also, plaintiff met the special earnings requirements of the Act at all times material to this case. For all the above reasons, it was concluded that plaintiff was not under a disability as defined by the Act.

For purposes of benefits under the Social Security Act, "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i), § 423(d)(1)(A). This definition is expanded upon by Section 223(d)(2)(A) of the Act, 42 U.S.C. § 423(d)(2)(A) which provides that an

individual "shall be determined to be under a disability only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ."

This Court, in the exercise of its jurisdiction under 42 U.S.C. § 405(g), is limited to a determination of whether there exists in the administrative record substantial evidence to support the Administrative Law Judge's conclusions. *Floyd v. Finch*, 441 F.2d 73 (CA 6, 1971); *Lane v. Gardner*, 374 F.2d 612 (CA 6, 1967). This Court may not try the case de novo or resolve conflicts in the evidence; nor may it decide issues of credibility. *Id.*

In the opinion of the Court, there is substantial evidence in the record to support the Administrative Law Judge's decision. The medical opinions basically corroborated by each other were clear and substantial evidence that plaintiff's condition did not preclude her from performing various jobs existing in the national economy.

Although there exists some slight differences in the medical testimony, it was well within the province of the Administrative Law Judge to credit one medical opinion over another. Moreover, the determination of disability is for the Secretary to make and, in so doing, he is not bound by a physician's conclusion that a disability exists. 20 CFR 404.1526; *Halsey v. Richardson*, 441 F.2d 1230 (CA 6, 1971).

It is not necessary here to deny that pain, actually existing, may be sufficient to disable the plaintiff. However, it is clear that plaintiff's allegations of pain as the administrative record reflects are, like all matters of fact, not to be accepted blindly, but must be evaluated against the other evidence. *Halsey v. Richardson, supra. Carter v. Finch*, 308 F.Supp. 954 (D.C.W.Va.1969). The record of objective medical evidence here does not support plaintiff's allegations of subjective disabling pain.

The one limiting physical condition which plaintiff suffers is periodic arthritis. However, the Administrative Law Judge's conclusion that plaintiff does not suffer a disability on account of the above condition is consistent with the well-settled principle that "if an impairment can reasonably be remedied by treatment, it cannot serve as a basis for a finding of disability." *Stillwell v. Cohen*, 411 F.2d 574 (CA 5, 1969). Even with her arthritis, however, there was substantial evidence that plaintiff can perform various jobs which do exist in the national economy.

In summary, this Court finds that there is substantial evidence that plaintiff is able to perform diverse jobs which do exist in the national economy given her age, education and work experience. The Administrative Law Judge's conclusion that plaintiff is not entitled to a period of disability or disability benefits is supported by substantial evidence and is affirmed by this Court.

Therefore, the defendant's Motion for Summary Judgment will hereby be granted and plaintiff's Motion for Summary Judgment will hereby be denied.