**Granvil William COX, Appellant,**

v.

**Margaret M. HECKLER, Secretary of Health and Human Services, Appellee.**

No. 84–2280.

United States Court of Appeals, Fourth Circuit.

Argued May 10, 1985.

Decided Aug. 22, 1985.

S.S.C. Drake, Lynchburg, Va., (J. Gorman Rosenberger, Jr., Kizer, Phillips & Petty, Lynchburg, Va., on brief) for appellant.

John E. Newton, Jr., Dept. of Health & Human Services, Philadelphia, Pa. (Beverly Dennis, III, Regional Atty., Edith Ho, Asst. Regional Atty. Office of Gen. Counsel, Dept. of Health and Human Services, Philadelphia, Pa., John P. Alderman, U.S. Atty., E. Montgomery Tucker, Asst. U.S. Atty., Roanoke, Va., on brief) for appellee.

Before WIDENER and HALL, Circuit Judges, and KNAPP, Senior District Judge, United States District Court for the

Southern District of West Virginia, sitting by designation.

K.K. HALL, Circuit Judge:

Granvil William Cox appeals from the district court's order, affirming the Secretary's denial of social security disability benefits. We find that Cox is entitled to have his claim reconsidered by the Secretary in light of new and material evidence which has become available following the conclusion of the administrative proceedings below. Accordingly, we vacate the judgment of the district court and direct that the case be remanded to the Secretary for further proceedings consistent with this opinion.

I.

Claimant was born on March 25, 1936, and has completed the requirements for a high school equivalency diploma (GED). He was employed in the past primarily as a foundry laborer. The record reveals that claimant's insured status under the Social Security Act expired on December 31, 1983. *See* 42 U.S.C. § 423(c)(1).

In 1979, Cox was awarded a closed period of disability benefits from September 30, 1977, through October 31, 1978, due to stomach problems, including pancreatitis. On April 15, 1980, Cox filed a new application for disability benefits, alleging that he has been disabled since January, 1979, due to a back problem, lung problems, and high blood pressure. This application was denied initially and on reconsideration. Following an administrative hearing on the claim, the ALJ concluded that Cox was not disabled. The ALJ's opinion was adopted by the Appeals Council and Cox appealed to district court. The district court remanded the case to the Secretary for consideration of new medical evidence concerning claimant's longstanding lung problems, including a confirmed diagnosis of sarcoidosis, a chronic disease of unknown cause

characterized by the formation of nodules in the lungs.[1]

On remand, the ALJ found that claimant's degenerative pulmonary disease was the medical equivalent of the Secretary's listing of impairments for diffuse pulmonary fibrosis, found at 20 C.F.R. Subpart P, Appendix 1, § 3.04. The ALJ concluded that Cox was disabled from his lung impairment as of May 4, 1981, and awarded benefits as of that date. According to the ALJ, Cox's other impairments, including chronic diarrhea, hypertension, depression, hernia, and arthritis, were not disabling.

The Appeals Council reversed the ALJ's decision to award benefits, concluding that Cox's pulmonary disease was only mild to moderate and left him with the residual functional capacity to perform sedentary work. Cox subsequently filed the present action in district court, which, in an opinion filed on September 20, 1984, affirmed the Appeals Council's denial of benefits as supported by substantial evidence. The district court further denied claimant's motion to remand the case to the Secretary for consideration of new medical reports produced subsequent to the administrative proceedings. The district court held that the reports, dated in late 1983 and 1984, were merely cumulative and did not provide good cause for a remand.

This appeal followed.

II.

On appeal, Cox contends that the district court (1) failed to consider the cumulative effect of his multiple impairments, (2) improperly rejected the opinion of his treating physician, (3) ignored recent documentary evidence that his disease had further accelerated, and (4) disregarded the disability determination of the Veterans Administration.[2] In conjunction with these contentions, Cox refers us to additional medical

---

1. Cox's lung ailment is described in the record as bullous or interstitial lung disease or "vanishing lung."

2. Cox has received a non-service connected disability pension from the Veterans Administration since 1979.

records, which were not before the Appeals Council or the district court, and which demonstrate that on June 20, 1984, he was placed on home oxygen.

We agree with Cox that a remand is appropriate in order to have the Secretary consider the medical evidence concerning claimant's pulmonary impairment which has developed since the administrative proceedings in this case.[3] The record in this case unequivocally demonstrates that claimant has a progressively deteriorating lung condition, which may have progressed to a disabling degree by the time Cox's insured status expired on December 31, 1983. Less than six months later, on June 20, 1984, home oxygen was prescribed for claimant's use during his daily activities. Although the prescription for the use of home oxygen falls outside the period of insured coverage, it was based on blood gas studies performed in October 1983, prior to the expiration of Cox's insured status. We conclude that under these circumstances the Secretary should be required to take into account that Cox has become oxygen-dependent and to re-examine all of the evidence in this case in light of the evidence which became available after the administrative proceedings.[4] On remand, the parties may also submit any additional evidence pertinent to these proceedings.

### III.

For the forgoing reasons, the judgment of the district court is vacated and this matter is remanded to the district court with instructions to remand it to the Secretary for further proceedings consistent with this opinion.

VACATED AND REMANDED.

3. Because of our disposition, we do not address the remaining contentions raised by claimant in this appeal.

4. We realize that, unlike the October 1983 blood gas study, the July 31, 1984 and June 20, 1984 medical reports, concerning the physician's order for home oxygen, were not presented to the district court and are not part of the present

record. Nevertheless, we do not find these circumstances to preclude us from remanding the case. *Cf. King v. Califano,* 599 F.2d 597, 599 (4th Cir.1979) (the fact that evidence of acute alcoholism was not presented or considered in social security proceedings below does not preclude appellate court from remanding for consideration of that evidence by the Secretary).