856 F.2d 187
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Clifford S. ROBERTS, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant- Appellee.
 No. 87-1614.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 2, 1987.
Decided Aug. 19, 1988.
 
 Kirk Burns Roose for appellant.
 Deborah Fitzgerald, Assistant Regional Counsel, Office of General Counsel, Department of Health & Human Services (Beverly Dennis, III, Chief Counsel, Regional III, Charlotte Hardnett, Supervisory Assistant, Regional Counsel, Lawrence J. Harder, Assistant Regional Counsel, Michael W. Carey, United States Attorney, Stephen M. Horn, Assistant United States Attorney on brief) for appellee.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 HAYNSWORTH, Senior Circuit Judge:
 
 
 1
 Clifford Roberts appeals an order of the district court affirming the Secretary's denial of his claim for social security benefits under Title II of the Social Security Act. 42 U.S.C. Secs. 416(i), 423(d). The Secretary found that, according to the medical-vocational guidelines or "grids," although Roberts could not return to his past work as a coal miner, he could perform medium work. The Secretary thus overturned the decision of the Administrative Law Judge who had found Roberts to be disabled under the Act. The district court affirmed the Secretary's denial of disability, finding it was supported by substantial evidence.
 
 
 2
 We find that the Secretary failed to consider an unexplained arterial blood gas study which indicates that Roberts suffers a severe pulmonary impairment. Also, the Secretary improperly applied the grids finding that Roberts could perform medium work although there was evidence of a nonexertional impairment. Accordingly, we vacate the judgment of the district court and direct that the case be remanded to the Secretary for further inquiry in accordance with this opinion.
 
 
 3
 Roberts is 57 years old and worked as a coal miner for 23 years. He was last insured for disability benefits on September 30, 1984. During the 1960's and 70's, Roberts suffered injury to his back, neck, left leg and right thumb. In 1961 Roberts lost his right eye. He also suffers from black lung disease. Roberts complains of extreme shortness of breath and chronic back strain.
 
 
 4
 The medical evidence concerning the extent of Roberts's disability is conflicting. One medical report revealed that Roberts's neck motion is reduced by 75 percent. Another examination found that Roberts's neck motion is within normal limits. Roberts also has high blood pressure and chest pain. But, medical tests from 1974 to 1980 showed that Roberts's lungs were free from congestion and that his arterial blood gas was within normal limits. Thirty-three days after Roberts's insured status expired, an arterial blood gas study revealed that Roberts has a severe pulmonary problem.
 
 
 5
 The ALJ found that Roberts had become disabled within the meaning of the Social Security Act on September 30, 1984. The ALJ found that Roberts's complaints of shortness of breath and back pain were credible. The Secretary reviewed the ALJ's decision on its own motion and denied all disability. The Secretary found that although Roberts could not return to his past work as a coal miner, he could perform medium work. The Secretary did find that Roberts has an environmental restriction against pulmonary irritants, yet nevertheless applied the grids to find that Roberts could perform medium work. The Secretary found that Roberts's complaints of back pain and shortness of breath were not credible. The district court found that the Secretary's decision was supported by substantial evidence. This appeal followed.
 
 
 6
 Roberts argues that this court should vacate the decision of the district court and remand for a proper determination of his disability status. He argues that (1) the Secretary erred by not considering the arterial blood gas study which showed substantial pulmonary impairment and (2) the Secretary erred by using the grids to deny disability when there was evidence of a nonexertional impairment.
 
 
 7
 We agree with Roberts that a remand is necessary. The results of the arterial blood gas study taken 33 days after Roberts's insured status expired show that Roberts has a severe pulmonary problem. The Secretary argues that this study was taken improperly or is inadequate in light of the other medical evidence. While it is true that the results of an arterial blood gas study can be erroneous if the technician makes an error, this court cannot ignore the results of a test which has not been conclusively shown to have been erroneous.
 
 
 8
 It is clear that medical evidence made subsequent to expiration of insured status can be relevant to prove disability. Wooldridge v. Bowen, 816 F.2d 157, 160 (4th Cir.1987); Cox v. Heckler, 770 F.2d 411 (4th Cir.1985). If the results of this blood gas study were accurate, and there is no evidence that they were not, Roberts probably had a severe pulmonary problem prior to the expiration of his insured status. This information, therefore, should be considered in determining whether Roberts is entitled to disability benefits under the Social Security Act.
 
 
 9
 Roberts also correctly argues that the grids may not automatically be applied to deny disability when the claimant suffers from impairment not provided for in the grids. See Wooldridge, 816 F.2d at 161. Both the ALJ and the Secretary found that Roberts should avoid exposure to dust, fumes, and gases, which is a nonexertional impairment not provided for in the grids. This court held in Wooldridge, 816 F.2d at 161, that the Secretary must use a vocational expert to evaluate work capacity when there is an environmental restriction of intolerance to dust, fumes, or gases. Although the Secretary acknowledged Roberts's environmental restriction, he nevertheless applied the grids to find that Roberts could perform medium work. This was error.
 
 
 10
 For the foregoing reasons the judgment of the district court is vacated with directions to remand for proceedings consistent with this opinion.
 
 
 11
 VACATED AND REMANDED.