914 F.2d 1492
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Betty RUSSELL, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant--Appellee.
 No. 89-1469.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 15, 1990.
Decided Sept. 24, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Clarence E. Goetz, United States Magistrate. (C/A No. 88-2655-PN).
 Betty Russell, appellant pro se.
 Jacquelyn Cusumano, United States Department of Health & Human Services, Philadelphia, Pa., for appellee.
 D.Md.
 VACATED AND REMANDED.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Betty Russell appeals from a decision of the district court affirming a denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) by the Secretary of Health and Human Services (Secretary). Because the decision of the Secretary is not supported by substantial evidence, the judgment below is vacated and the case remanded.
 
 I.
 
 2
 On October 10, 1986, Russell filed an application for DIB and SSI under the Social Security Act, 42 U.S.C. Secs. 301 et seq. (Act). In her claim for benefits, Russell asserted that her disability commenced on April 29, 1982, as a result of a heart condition, arthritis, a skin allergy, and high blood pressure. Her application was denied initially and upon reconsideration. Thereafter, she requested a hearing, which was conducted on October 26, 1987, by an administrative law judge (ALJ). On March 17, 1988, the ALJ decided that Russell had the residual functional capacity to perform sedentary work and that the grids directed a finding that Russell was not disabled and therefore was not entitled to benefits.
 
 
 3
 The ALJ's decision became the final decision of the Secretary when it was approved and adopted by the Appeals Council on July 6, 1988. On September 2, 1988, Russell brought this action seeking a review of the Secretary's decision under sections 405(g) and 1383(c)(3) of the Act. The district court affirmed the Secretary's decision, and this appeal followed.
 
 II.
 
 4
 Judicial review of a denial of disability benefits under the Social Security Act is limited to determining whether the findings of the Secretary are supported by substantial evidence. See 42 U.S.C. Sec. 405(g); Richardson v. Perales, 402 U.S. 389, 390 (1971). This Court has found substantial evidence when "there is evidence to justify a refusal to direct a verdict were the case before a jury." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.1984). Ultimately, it is the duty of the ALJ reviewing a claim for benefits, and not the courts, to make findings of fact and to resolve conflicts in the evidence. See King v. Califano, 599 F.2d 597, 599 (4th Cir.1979).
 
 
 5
 Russell was born on April 6, 1934, and was 53 years old at the time of the hearing before the ALJ. She has a twelfth-grade education. Between 1974 and 1982, Russell worked for the Park Heights Community Corporation, where she answered the phone, typed, and xeroxed. Before 1974 her jobs included telephone operator and receptionist.
 
 
 6
 Our finding that substantial evidence does not support the Secretary's decision is based largely on the ALJ's treatment of Russell's claim of disabling pain. Additionally, the ALJ incorrectly determined that Russell's claimed seizure disorder was not medically documented. Finally, two crucial responses of the vocational expert were inaudible to the court reporter and thus are not included in the record.
 
 
 7
 The rule in this Circuit is that under 42 U.S.C. Sec. 423(d)(5)(A), a claimant must show objective medical evidence of a condition that can produce pain, rather than objective medical evidence of the pain itself. Walker v. Bowen, 889 F.2d 47, 49 (4th Cir.1989). Once this evidence is produced, the task of the ALJ is to evaluate the effect of the pain on the claimant's residual functional capacity. Foster v. Heckler, 780 F.2d 1125, 1130 (4th Cir.1986). The ALJ may rely on the grids only if pain occurs exclusively upon exertion. If pain is present absent exertion, the grids may be used only as guidelines. Walker v. Bowen, 889 F.2d at 49.
 
 
 8
 Two of Russell's treating physicians diagnosed her as suffering from arthritis, a condition that can produce pain. Because Russell happened to be pain-free at her June 13, 1986, visit to her orthopaedist, the ALJ concluded that Russell would "experience no functional limitations as a result of this impairment." The ALJ failed to mention that the orthopaedist prescribed Feldene, heat pads, and a neck collar to help Russell manage her pain. This strongly suggests that the treating physician considered Russell to be suffering from periodic pain, although she was at that time symptom-free.
 
 
 9
 Furthermore, the ALJ ignored Russell's testimony that, at the direction of her treating neurologist, Dr. Shakra, she was undergoing physical therapy because of neck pain that radiated through her left arm to her fingers, which constantly tingled and were numb. The record includes Dr. Shakra's opinion that the "extent and severity of her cervical osteoarthritis and secondary arm symptoms preclude any desk job, which would exacerbate her symptoms." Unfortunately, the record does not include medical test results on which Dr. Shakra's opinion was based. The ALJ's credibility determination against Russell on the issue of debilitating pain was premature, if not clearly erroneous, given the fact that her attending physicians obviously considered her pain to be quite real and deserving of aggressive treatment. See Coffman v. Bowen, 829 F.2d 514, 517-18 (4th Cir.1987) (opinion of treating physician is entitled to great weight and may be disregarded only if there is persuasive contradictory evidence).
 
 
 10
 The ALJ concluded that Russell's complaint of a seizure disorder "was not substantiated by the objective medical evidence of record and therefore ... cannot be afforded full credibility." Again, this finding is incorrect. Dr. Shakra's medical report of March 18, 1987, plainly states that Russell's "EEG is abnormal [and] shows seizure focus on left side."
 
 
 11
 Our final concern is that vital testimony of the vocational expert was inaudible and thus is missing from the record. When a claimant suffers from a non-exertional impairment such as pain, it is imperative that testimony from a vocational expert be obtained in order to determine whether there are jobs in the national economy which the claimant is capable of performing.
 
 
 12
 The expert first stated that she felt Russell was capable of being a receptionist, whose duties would include light typing, some telephone answering, and greeting the public. Also, the expert said that Russell could be a switchboard operator for a business that was less stressful than the telephone company. However, when Russell's attorney asked whether an individual with a seizure disorder and significant arthritis in her hands such that she could not use her hands repetitively could perform those jobs on a sustained basis (40 hours a week), the answer was inaudible.
 
 
 13
 Because substantial evidence does not support the Secretary's finding, we vacate the judgment of the district court and remand to the ALJ for further consideration of Russell's claim in light of the evidence of pain and seizure disorder. In this regard, it may be helpful to obtain additional medical evidence on Russell's arthritis and seizure disorder from her treating physicians. Further, testimony from a vocational expert concerning Russell's abilities to work given her physical limitations should be obtained.
 
 
 14
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 VACATED AND REMANDED