William KING, the Executor of the Will of Vernie C. Reece, Appellant,

v.

Joseph A. CALIFANO, Jr., Secretary of Health, Education and Welfare, Appellee.

No. 78–1328.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 6, 1979.

Decided June 5, 1979.

James H. Holloway and Lawrence Nestler, Eastern Cherokee Legal Services, Cherokee, N. C., for appellant.

Susan S. Craven, Asst. U. S. Atty., Asheville, N. C. (Harold M. Edwards, U. S. Atty., Asheville, N. C., on brief), for appellee.

Before WINTER and PHILLIPS, Circuit Judges, and ROSZEL C. THOMSEN, District Judge, sitting by designation.

PHILLIPS, Circuit Judge:

The deceased claimant Vernie C. Reece was awarded disability benefits for an ulcer and a hernia beginning July 3, 1974. When the Social Security Administration later determined that her disability had ceased, Reece sought and obtained a hearing before an administrative law judge. Benefit payments were continued upon Reece's agreement that should the determination of the Secretary be upheld, the benefits would be repaid. The administrative law judge upheld the administrative determination and the Appeals Council declined to review his decision.

Claimant then brought suit in the Western District of North Carolina seeking review of the decision of the Secretary and an award of benefits or, alternatively, a remand for another hearing. Aided for the first time by counsel, she submitted to the district court a psychological report that indicated she had an I.Q. of 64. The district court determined that substantial evidence supported the Secretary's decision and that "good cause," 42 U.S.C. § 405(g), did not exist because of the new evidence so as to warrant a remand.

Appeal to this Court followed, but claimant died before oral argument. Her executor, William King, has been substituted as the name party. We previously granted King's unopposed motion to submit still more new evidence, this relating to Reece's

chronic alcoholism. We now conclude that this additional evidence is sufficient to warrant a remand to the Secretary for further administrative proceedings.

A remand to the Secretary for further proceedings is appropriate when new evidence is submitted to a reviewing court if the court concludes that the Secretary's decision might reasonably have been different had that evidence been before him when his decision was rendered. *See Hutchinson v. Weinberger*, 399 F.Supp. 426, 428 (E.D.Mich.1975); *Lucas v. Finch*, 322 F.Supp. 1209, 1213 (S.D.W.Va.1970), *aff'd per curiam sub nom. Lucas v. Gardner*, 453 F.2d 1255 (4th Cir. 1972). The party seeking the remand must present to the court the evidence it hopes to submit in the administrative proceeding should remand be granted or at least a general showing of the nature of that evidence. *Long v. Richardson*, 334 F.Supp. 305, 306 (W.D.Va.1971).

Claimant's executor has submitted to us a series of hospital reports detailing the admittance of decedent Reece for acute alcoholism three times during 1977. They indicate that many of her hospitalizations over the past twenty-five years have been occasioned by this problem. A letter from Reece's personal physician, Dr. Helen Wells, describing the claimant's alcohol and drug addiction was included in the material submitted as was a reproduced excerpt from a medical textbook describing the disease of Wernicke-Korsakoff Syndrome which is represented to be the nature of claimant's alcohol problems. Symptoms of that disease include loss of the mental abilities. This may well harmonize the psychological report submitted to the district court with claimant's work record as the owner/manager of a sandwich shop.

We have recognized that chronic alcoholism, alone or in combination with other causes, may constitute a disability such as would make gainful employment impossible. *Lewis v. Celebrezze*, 359 F.2d 398, 400 (4th Cir. 1966); *accord, Griffis v. Weinberger*, 509 F.2d 837 (9th Cir. 1975). *See generally* Annot., 39 A.L.R.Fed. 182 (1978). While the record before the administrative law judge contains a hospital re-

port that indicates Reece was admitted for acute alcoholism, this was not presented as a cause of disability and was not considered as such. This may be a result of both the nature of the disease and the fact that Reece proceeded without assistance at that stage of the proceedings. Whatever the precise reason, we do not believe this now precludes consideration of the evidence. A technical application of the rules of pleading is inappropriate to the informal proceedings provided in disability determinations. *Sisia v. Flemming*, 183 F.Supp. 194, 201 (E.D.N.Y.1970).

This Court does not find facts or try the case de novo when reviewing disability determinations. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The supplemental materials submitted to us indicate that had this evidence also been considered by the Secretary, his decision might reasonably have been different. *Hutchinson v. Weinberger*, 399 F.Supp. at 428. Accordingly, the case is remanded to the district court with directions to remand it to the Secretary for further proceedings. The parties should be permitted to submit any additional pertinent evidence in those proceedings.

*REMANDED.*