892 F.2d 1041
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Raymond DIXON, Jr. SSN pwg-re-lugp Plaintiff-Appellant,
v.
SECRETARY DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-2661.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 1, 1989.
Decided: Dec. 27, 1989.
 
 John W. Bledsoe, III (Saleeby, Cox & Bledsoe, on brief), for appellant.
 Cheryl Lynn Nikonovich-Kahn, Assistant Regional Counsel (Bruce R. Granger, Chief Counsel, Region IV; Mack A. Davis, Deputy Chief Counsel for Social Security Litigation and Programs; Mary Ann Sloan, Principal Regional Counsel, Social Security Disability Litigation; Haila Naomi Kleinman, Assistant Regional Counsel, Office of General Counsel, Region IV, Department of Health & Human Services; John R. Bolton, Assistant Attorney General; Vinton D. Lide, United States Attorney, on brief), for appellee.
 Before ERVIN, Chief Judge, PHILLIPS, Circuit Judge, and JAMES C. FOX, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 This is an appeal from a decision of the district court affirming a denial of disability benefits by the Secretary of Health and Human Services. Because the decision of the Secretary is supported by substantial evidence, the judgment of the lower court is hereby affirmed.
 
 I.
 
 2
 On October 30, 1986, Raymond Dixon, Jr. ("Dixon" or the "claimant") filed applications for disability insurance benefits and supplemental security income under the Social Security Act, 42 U.S.C. §§ 301 et seq. (the "Act"). In his claim for benefits, Dixon asserted that his disability commenced on August 20, 1983, as a result of a back injury sustained while lifting heavy objects (car batteries) at work. His applications were denied both initially and upon reconsideration. Dixon subsequently filed a request for a hearing on April 29, 1987. A formal hearing was conducted in this matter on September 17, 1987, in Columbia, South Carolina, by an administrative law judge ("ALJ"). The claimant appeared with his attorney and testified. Also testifying was a vocational expert witness. After evaluating Dixon's applications de novo, the ALJ found that the claimant was not under a disability as defined by the Act, and thus filed a decision on November 30, 1987, denying all benefits to Dixon. The ALJ's decision became the final decision of the Secretary of Health and Human Services (the "Secretary") when it was approved and adopted by the Appeals Council on February 29, 1988. Thereafter, on April 8, 1989, Dixon brought this action in the United States District Court for the District of South Carolina seeking a review of the Secretary's decision under sections 405(g) and 1383(c)(3) of the Act. The parties waived their right to proceed before a district court judge, and consented to have a magistrate conduct all proceedings in the case pursuant to 28 U.S.C. § 636(c)(1) and Fed.R.Civ.P. 73(a). By order dated March 10, 1989, the magistrate affirmed the Secretary's decision. This direct appeal followed pursuant to 28 U.S.C. § 636(c)(3) and Fed.R.Civ.P. 73(c).
 
 
 3
 Dixon was born on June 27, 1950, and was 37 years old at the time of his hearing before the ALJ. He has a high school education and can read and write. Prior to the onset of his medical problems, he worked as an automobile mechanic, a laborer, and textile machine operator. It should be noted that Dixon received a worker's compensation award for his back injury. He alleges disability due to back and leg pain, stress and anxiety, nervousness, and heart problems. He has stated that three to four days out of five he is in so much pain that he spends the entire day in bed. He has been under medical treatment by various doctors since 1983.
 
 II.
 
 4
 Judicial review of a denial of disability benefits under the Social Security Act is limited to determining whether the findings of the Secretary are supported by substantial evidence and whether the correct law was applied. See 42 U.S.C. § 405(g) ("The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive....", Richardson v. Perales, 402 U.S. 389, 390 (1971), citing § 405(g)). The phrase "supported by substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (citing Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Elaborating on the foregoing definition, this court has defined "supported by substantial evidence" as:
 
 
 5
 ... evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."
 
 
 6
 Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966), quoted in Shively v. Heckler, 739 F.2d 987, 989 (4th Cir 1984). Thus, it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence. See Laws, 368 F.2d at 642; Snyder v. Ribicoff, 307 F.2d 518, 520 (4th Cir.1962). Ultimately, it is the duty of the administrative law judge reviewing a claim for benefits, and not the courts, to make findings of fact and to resolve conflicts in the evidence. See King v. Califano, 599 F.2d 597, 599 (4th Cir.1979) ("This court does not find facts or try the case de novo when reviewing disability determinations.").
 
 
 7
 Given the specific and narrow scope of review in this case, while the ALJ's decision may not be supported by a preponderance of the evidence, it most certainly is supported by substantial evidence. Since 1983, Dixon has been examined and treated by at least nine medical practitioners, including physicians, orthopaedic specialists, a rheumatologist, a psychologist, registered nurses and physical therapists, and other physical rehabilitation specialists. All have testified or reported that Dixon was not in great pain, that he suffered no debilitating physical problems, that he did not take his treatment seriously, that he was capable of working with his hands, and that he could return to work. The conclusion which we draw from the record is that Dixon is capable of productive employment notwithstanding his wholly subjective protestations of pain. Accordingly, the decision of the district court is
 
 
 8
 AFFIRMED.