900 F.2d 251
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Earl W. ELMORE, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 89-2952.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 5, 1990.
Decided: March 26, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Beckley. Charles T. Cunningham, United States Magistrate. (CA-5:88-0816)
 Susan H. Hewman, Judith C. Walz, Ikner and Hewman, L.C., Lewisburg, W.Va., for appellant.
 Beverly Dennis, III, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigation Division, Deborah Fitzgerald, Assistant Regional Counsel, Office of General Counsel, Department of Health and Human Services, Philadelphia, Pa.; Michael W. Carey, United States Attorney, Gary L. Call, Assistant United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, and WIDENER and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Earl W. Elmore (the "claimant") appeals from a decision of the district court affirming a denial of disability benefits by the Secretary of Health and Human Services (the "Secretary"). Because the decision of the Secretary is supported by substantial evidence, the judgment below is hereby affirmed.
 
 I.
 
 2
 On June 4, 1986, the claimant filed an application for disability insurance benefits and supplemental security income under the Social Security Act, 42 U.S.C. Secs. 301 et seq. (the "Act"). In his claim for benefits, the claimant asserted that his disability commenced on June 26, 1985, as a result of a heart attack and a nervous condition. His application was denied initially and upon reconsideration. Thereafter, the claimant requested a hearing on February 5, 1987. A formal hearing was conducted in this matter on February 5, 1987. A formal hearing was conducted in this matter on July 29, 1987, by an administrative law judge ("ALJ"). After evaluating the claimant's applications de novo, the ALJ found that he was not under a disability as defined by the Act, and filed a decision on January 29, 1988, denying all benefits. The ALJ's decision became the final decision of the Secretary when it was approved and adopted by the Appeals Council on May 3, 1988. On June 13, 1988, the claimant brought this action in the United States District Court for the Southern District of West Virginia seeking a review of the Secretary's decision under sections 405(g) and 1383(c)(3) of the Act. The parties waived their right to proceed before a district court judge, and consented to have a federal magistrate conduct all proceedings in the case. By order dated March 15, 1989, the magistrate affirmed the Secretary's decision, and this appeal followed.
 
 
 3
 The claimant was born on October 4, 1938, and was 49 years old at the time of his hearing before the ALJ. He has a seventh-grade education and a limited reading and writing ability. Before the onset of his medical problems, he worked for 24 years as a cattle farm laborer. He alleges disability due to various heart conditions, arthritis, bronchitis, depression, nervousness, low back and chest pain, obesity, painful and swelling feet, dizziness and blurred vision, and shortness of breath upon exertion. He has been under periodic medical treatment by various doctors since mid-1985.
 
 II.
 
 4
 Judicial review of a denial of disability benefits under the Social Security Act is limited to determining whether the findings of the Secretary are supported by substantial evidence and whether the correct law was applied. See 42 U.S.C. Sec. 405(g) ("The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...."); Richardson v. Perales, 402 U.S. 389, 390 (1971) (citing Sec. 405(g)). The phrase "supported by substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (citing Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Elaborating on the foregoing definition, this court has defined "supported by substantial evidence" as
 
 
 5
 evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."
 
 
 6
 Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966), quoted in Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.1984). Thus, it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence. See Laws, 368 F.2d at 642; Snyder v. Ribicoff, 307 F.2d 518, 529 (4th Cir.1962). Ultimately, it is the duty of the administrative law judge reviewing a claim for benefits, and not the courts, to make findings of fact and to resolve conflicts in the evidence. See King v. Califano, 599 F.2d 597, 599 (4th Cir.1979) ("This Court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir.1976) ("We note that it is the responsibility of the Secretary and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.").
 
 III.
 
 7
 Given the specific and narrow scope of review in this case, while the ALJ's decision may not be supported by a preponderance of the evidence, it most certainly is supported by substantial evidence. For example, an impartial medical expert witness reviewed the claimant's medical records and testified that the claimant had a residual functional capacity for a limited range of exertional activity. In addition, a vocational expert witness indicated that the claimant was capable of performing a variety of light work, including work as a fast food restaurant cleaner, an unarmed retail store or hospital security guard, an assembly line worker, and a dispatcher for a small cab company. Finally, although the claimant's medical records do indicate that the claimant is suffering from a number of physical and psychological ailments, none of his doctors expressly contradict the ALJ's conclusion that the claimant is capable of performing light work with some exertional restrictions. The conclusion which we draw from the record is that the claimant is capable of productive employment notwithstanding his protestations to the contrary. Accordingly, the decision of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED