35 F.3d 555
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Theresa BARINA, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-2018.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 19, 1994.
Decided Sept. 6, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CA-92-1484-A)
 Bruce K. Billman, Rice, Stallknecht & Billman, P.C., Stafford, Va., for appellant.
 Charlotte Hardnett, Chief Counsel, Region III, Dorothea J. Lundelius, Division Chief, Steven M. Rollins, Asst. Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa.; Helen S. Fahey, U.S. Atty., Rebeca O. Hidalgo, Asst. U.S. Atty., Alexandria, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON and WILLIAMS, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Theresa Barina appeals from a district court order that granted summary judgment to the Secretary of Health and Human Services ("Secretary") and upheld the Secretary's decision that Barina was not entitled to social security disability benefits. Because we find that substantial evidence supports the Secretary's decision, we affirm.
 
 
 2
 Barina was an account executive for AT & T when she sought social security disability benefits. She began working for AT & T as an account representative in 1986 and attained her current position after a series of promotions. Throughout her employment, Barina has suffered from "Crohn's disease," a serious inflammatory disorder of the gastrointestinal tract. Severe side effects of the illness led to Barina's hospitalizations, a temporary colostomy, and numerous extended absences from her job. Barina's application for disability benefits was denied initially and on reconsideration. She then sought review by an administrative law judge ("ALJ").
 
 
 3
 After a hearing at which Barina was represented by counsel and a vocational expert testified, the ALJ found that Barina was not disabled because she had performed substantial gainful activity ("SGA") during the period of her alleged disability and because there was no twelve-month period throughout which she was not working. The ALJ denied her benefits and Barina requested review by the Appeals Council, which was denied. The Council adopted the ALJ's decision as the final decision of the Secretary.
 
 
 4
 Barina then filed for benefits in the district court, and a magistrate judge determined that
 
 
 5
 there [was] not substantial evidence to support the Secretary's determination that Theresa Barina was currently engaged in SGA at the time of her hearing, or that her claimed impairment does not meet the 12-month durational requirement of the Social Security Act.
 
 
 6
 The magistrate judge recommended that the case be remanded to the Secretary for further proceedings. The district court sustained the Secretary's objections to the magistrate judge's report and recommendation, granted the Secretary's motion for summary judgment, and affirmed the decision of the ALJ.
 
 
 7
 The language of 42 U.S.C.A. Sec. 405(g) (West Supp.1994) requires that this Court uphold the Secretary's decision if it is supported by substantial evidence and if the correct law was applied. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). This Court elaborated that substantial evidence is:
 
 
 8
 evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."
 
 
 9
 Hays, 907 F.2d at 1456 (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966) (citation omitted)).
 
 
 10
 It is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his judgment is supported by substantial evidence. See Laws, 368 F.2d at 642; Snyder v. Ribicoff, 307 F.2d 518, 529 (4th Cir.1962). Ultimately, it is the duty of the ALJ reviewing a claim for benefits, and not the courts, to make findings of fact and to resolve conflicts in the evidence. See King v. Califano, 599 F.2d 597, 599 (4th Cir.1979) ("This Court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir.1976) ("We note that it is the responsibility of the Secretary and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion.").
 
 
 11
 A disability under the Act is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C.A. Sec. 423(d)(1)(A) (West 1991). Substantial gainful activity is work that involves significant and productive physical and mental duties and is done for pay or profit. 20 C.F.R. Secs. 404.1510, 404.1571-404.1576 (1992). Generally, earnings of $500 per month demonstrate substantial gainful activity. 20 C.F.R. Sec. 404.1574(b)(2)(vii) (1992). If the claimant is engaging in substantial gainful activity, she is not disabled. 20 C.F.R. Sec. 404.1520(b) (1992).
 
 
 12
 The ALJ enumerated six specific findings in his decision:
 
 
 13
 (1) The claimant met the disability insured status requirements of the Act on January 8, 1990, the date that the claimant stated she became unable to work, and continues to meet them through September 30, 1994.
 
 
 14
 (2) The claimant is working as a management employee at AT & T (20 CFR 404.1574).
 
 
 15
 (3) The claimant's work activity involves significant physical or mental activities for pay or profit (20 CFR 404.1573).
 
 
 16
 (4) The claimant's work activity constitutes substantial gainful activity within the meaning of the regulations (20 CFR 404.1572).
 
 
 17
 (5) The claimant has not been unable to engage in substantial gainful activity for any continuous period of at least twelve months.
 
 
 18
 (6) The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of this decision (20 CFR 404.1520(b)).
 
 
 19
 Substantial evidence supports these findings of the ALJ. Appellant testified at the ALJ hearing that she has been employed by AT & T since June 1986, and that she has received several promotions despite intermittent absences of several weeks due to her illness. Despite her absences, there was no continuous twelve-month period during which Appellant did not work. It is also undisputed that Appellant earned more than $500 per month, the monetary amount the regulations recognize as evidence of substantial gainful activity, during 1990 and 1991. Though amounts paid by an employer over the fair market value for services are not considered because they represent a subsidy, 20 C.F.R. Sec. 404.1574(a)(2) (1992), there is no evidence that any portion of Appellant's salary was a subsidy.
 
 
 20
 Appellant asserts that her work at AT & T was not substantial gainful activity but "unsuccessful work attempts." Work can be considered an unsuccessful work attempt when a claimant is unable to perform work for more than a short time and is forced to quit the work due to an impairment. 20 C.F.R. Secs. 404.1574(a)(1), 416.974(a)(1) (1992). The Secretary has generally presumed that a work attempt for less than three months can be an unsuccessful work attempt. Sample v. Shalala, 999 F.2d 1138, 1142 (7th Cir.1993). There is no evidence in the record that Appellant's employer regarded Appellant's work as an unsuccessful work attempt. In addition, there is no evidence that Appellant ever quit her job due to her impairment. Therefore, Appellant's periods of working (for up to sixteen weeks) interrupted by periods of sick leave cannot be viewed as unsuccessful work attempts.
 
 
 21
 We conclude that substantial evidence supports the finding that Barina was not disabled when she filed for benefits. The judgment of the district court is accordingly affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED