**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BRUCE L. MIKESELL,
<u>Plaintiff-Appellant,</u>

v.

No. 96-1765

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Clarence E. Goetz, Chief Magistrate Judge.
(CA-95-2556-AW)

Argued: January 31, 1997

Decided: March 11, 1997

Before HALL and ERVIN, Circuit Judges, and CLARKE,
Senior United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Stephen F. Shea, WILLONER, CALABRESE &
ROSEN, P.A., College Park, Maryland, for Appellant. Patricia
McEvoy Smith, Assistant Regional Counsel, Office of the General
Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia,
Pennsylvania, for Appellee. **ON BRIEF:** Thomas J. Love, WIL-

LONER, CALABRESE & ROSEN, P.A., College Park, Maryland, for Appellant. Charlotte Hardnett, Chief Counsel, Region III, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Lynne A. Battaglia, United States Attorney, Allen F. Loucks, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

I. Procedural History

This case comes before the Court on Appellant's appeal of the granting of Appellee's Motion for Summary Judgment by the District Court. The Plaintiff brought suit in the District Court to appeal the denial of Disability Insured Benefits ("DIB") by the Appeals Council of the Social Security Administration and an Administrative Law Judge ("ALJ"). For the reasons stated below the decision of the District Court is affirmed.

Plaintiff applied to the Social Security Administration for DIB on February 5, 1993 alleging that he became disabled on May 30, 1990. The relevant state agency denied him benefits and at Mr. Mikesell's request an ALJ held a hearing on June 6, 1994. The ALJ also denied him benefits finding that Mr. Mikesell did not meet the statutory requirements for DIB. Mr. Mikesell then filed objections to the ALJ's decision with the Appeals Council, which also denied him benefits. The Appeals Council found that the ALJ's determination was supported by the statute and the regulations. Mr. Mikesell then appealed this final decision to the District Court where he was again denied benefits due to the court's granting of the Commissioner's Motion for Summary Judgment.

2

II. <u>Standard of Review</u>

The Appellant is seeking review of the final administrative decision of the Commissioner of Social Security. The standard of review as set forth at § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides for review of the record of the administrative proceedings to determine whether there is substantial evidence in the record to support the Commissioner's finding. <u>Hays v. Sullivan</u>, 907 F.2d 1453 (4th Cir. 1990); <u>King v. Califano</u>, 599 F.2d 597 (4th Cir. 1979). Substantial evidence in the Social Security context"consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." <u>Johnson v. Califano</u>, 434 F.Supp. 302, 307 (D. Md. 1977). Furthermore, according to the Supreme Court, substantial evidence "does not mean a large or significant amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Pierce v. Underwood</u> , 487 U.S. 552, 555 (1988).

When a court reviews an agency's construction of the statute which it administers, the court must give due deference to the agency's, in this case the Social Security Administration's, interpretation of the statute and corresponding regulations. Unless it is arbitrary, capricious, or manifestly contrary to the statute the agency's interpretation must be affirmed. <u>Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.</u>, 467 U.S. 837, 844 (1984).

Therefore, if the decision of the Commissioner is based on substantial evidence and its interpretation of its enabling statute is not capricious or arbitrary the decision must be upheld.

III. <u>Analysis</u>

Mr. Mikesell brings suit challenging the denial of DIB pursuant to 42 U.S.C. § 416(I)(3) and 423(c)(1) and the corresponding regulations at 20 C.F.R. § 404.130-131. At issue here is the requirement that in order for an individual to be entitled to disability benefits he must have earned 20 quarters of coverage in the last 40 quarters preceding his alleged disability (the 20/40 test). A quarter equals three calendar months.

3

The dispute here is the correct interpretation of the law providing for the calculation of quarters of coverage which Mr. Mikesell had compiled toward qualification for DIB. The federal code provides, in pertinent part:

> (1) An individual shall be insured for disability insurance benefits in any month if --
>
> (B)(I) he had not less than 20 quarters of coverage during the 40 quarter period which ends with the quarter in which such month occurred. . .
>
> . . . For purposes of subparagraph (B) of this paragraph . . . a quarter shall not be counted as part of any period if any part of such quarter was included in a period of disability unless such quarter was a quarter of coverage.

42 U.S.C. § 423(c)(1).

In Mr. Mikesell's case, he claims May 30, 1990 as the onset date of disability. The ALJ counted back 40 quarters from the 2nd quarter of 1990 (i.e. the quarter in which the plaintiff alleged disability), in which case the 40th quarter is the 3rd quarter of 1980. Mr. Mikesell's record shows that he earned 19 quarters of coverage from the 2nd quarter of 1990 through the 3rd quarter of 1980. (Brief of Appellant at p. 13). However, if one were to count the 1st quarter of 1990 to the 2nd quarter of 1980 as the 40 quarters, Mr. Mikesell's record would show 20 quarters of earned coverage and, therefore, provide him DIB. The latter scenario is that urged by the plaintiff. Mr. Mikesell argues that the 2nd quarter of 1990 should not be counted because he claims that it is a "period of disability" as defined by the statute.

Specifically, Mr. Mikesell points out that the last sentence of the statute in effect states that no quarter will be counted if "such quarter was included in a period of disability." 42 U.S.C. § 423 (c)(1). Accordingly, Mr. Mikesell claims that since he allegedly became disabled in May of 1990, that quarter was a "period of disability" and should not be counted. The flaw in Mr. Mikesell's reasoning is found

4

in the plain language of the statute. The statute specifically states that "if any part of such quarter <u>was</u> included in a period of disability," such quarter shall not be counted as a part of any period. (<u>Id.</u> emphasis added). The regulations promulgated by the Social Security Administration specifically state that "period of disability" is a "prior period of disability established for you." 20 C.F.R. § 404.130 (1996). As the District Judge we think correctly noted,"the statute . . . is intended to ease the harsh result which the 20/40 test could have on a claimant who earlier had been granted a period of disability, subsequently became able to work, and now was seeking another period of disability, by excluding from the 40 quarter calculation those quarters for which a period of disability had been established." Here, there is no such earlier or prior period for which Mr. Mikesell has been found to be disabled. The <u>current</u> "period of disability" (e.g. the 2nd quarter of 1990) cannot be counted as a <u>prior</u> period in order to provide Mr. Mikesell with DIB.

IV. <u>Conclusion</u>

Giving the agency the due deference that this Court is required to do when the agency is interpreting its enabling statute, the Court finds that the agency's interpretation of "period of disability" is a permissible construction. See <u>Chevron U.S.A. Inc., v. Natural Resources Defense Council</u>, 467 U.S. 837 (1984). Applying this reasoning to the Commissioner's determination that Mr. Mikesell did not meet the requirements of the 20/40 test, it is clear that there is substantial evidence on the record as a whole to support the Commissioner's decision.

Based on the foregoing discussion, we conclude that the District Court did not err in granting Commissioner Chater's Motion for Summary Judgment and in doing so uphold the denial of benefits to Mr. Mikesell. Accordingly, the decision below is

<u>AFFIRMED</u>.

5