James E. Gates, United States Magistrate Judge
In this action, plaintiff Lisa Probst ("plaintiff" or, in context, "claimant") challenges the final decision of defendant Acting Commissioner of Social Security Nancy Berryhill ("Commissioner") denying her application for a period of disability and disability insurance benefits ("DIB") on the grounds that she is not disabled. The case is before the court on the parties' motions for judgment on the pleadings. D.E. 14, 16. Both filed memoranda in support of their respective motions (D.E. 15, 17) and plaintiff filed a reply (D.E. 18). With the consent of the parties, the case was reassigned to the undersigned magistrate judge for disposition pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. See D.E. 12, 13; 13 June 2018 Text Ord. For the reasons set forth below, plaintiff's motion will be allowed, the Commissioner's motion will be denied, and this case will be remanded.
BACKGROUND
I. CASE HISTORY
Plaintiff filed an application for DIB on 26 March 2014, alleging a disability onset date of 17 February 2014. Transcript of Proceedings ("Tr.") 12. The application was denied initially and upon reconsideration, and a request for a hearing was timely filed. Tr. 12. On 27 March 2017, a hearing was held before an administrative law judge ("ALJ") at which plaintiff, who was represented by counsel, testified. Tr. 24-53. On 1 May 2017, the ALJ issued a decision denying plaintiff's application. Tr. 12-19.
Plaintiff timely requested review by the Appeals Council, and on 16 February 2018, the Appeals Council denied the request for review. Tr. 1-5. At that time, the ALJ's *580 decision became the final decision of the Commissioner. 20 C.F.R. § 404.981.[1] On 29 March 2018, plaintiff commenced this proceeding for judicial review of the ALJ's decision, pursuant to 42 U.S.C. § 405(g). See Compl. (D.E. 1).
II. STANDARDS FOR DISABILITY
The Social Security Act ("Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) ; Pass v. Chater , 65 F.3d 1200, 1203 (4th Cir. 1995). "An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 423(d)(3).
The disability regulations under the Act ("Regulations") provide a five-step analysis that the ALJ must follow when determining whether a claimant is disabled:
To summarize, the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the [R]egulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the [R]egulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work.
The first four steps create a series of hurdles for claimants to meet. If the ALJ finds that the claimant has been working (step one) or that the claimant's medical impairments do not meet the severity and duration requirements of the [R]egulations (step two), the process ends with a finding of "not disabled." At step three, the ALJ either finds that the claimant is disabled because her impairments match a listed impairment [i.e. , a listing in 20 C.F.R. pt. 404, subpt. P, app. 1 ("the Listings") ] or continues the analysis. The ALJ cannot deny benefits at this step. If the first three steps do not lead to a conclusive determination, the ALJ then assesses the claimant's residual functional capacity ["RFC"], which is "the most" the claimant "can still do despite" physical and mental limitations that affect her ability to work. [ 20 C.F.R.] § 416.945(a)(1)[2 ] To make this assessment, the ALJ must "consider all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," including those not labeled severe at step two. Id. § 416.945(a)(2).[3 ]
*581 The ALJ then moves on to step four, where the ALJ can find the claimant not disabled because she is able to perform her past work. Or, if the exertion required for the claimant's past work exceeds her [RFC], the ALJ goes on to step five.
At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that "exists in significant numbers in the national economy," considering the claimant's [RFC], age, education, and work experience. Id. §§ 416.920(a)(4)(v); 416.960(c)(2); 416.1429.[4 ] The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations. If the Commissioner meets her burden, the ALJ finds the claimant not disabled and denies the application for benefits.
Mascio v. Colvin , 780 F.3d 632, 634-35 (4th Cir. 2015).
III. ALJ'S FINDINGS
Plaintiff was 39 years old on the alleged onset date, 42 years old on the date of the hearing, and 43 years old on the date of issuance of the ALJ's decision. See, e.g. , Tr. 18 ¶ 7; 29. The ALJ found that she had at least a high school education (Tr. 18 ¶ 8) and past relevant work as a data entry clerk (Tr. 17 ¶ 6).
Applying the five-step analysis of 20 C.F.R. § 404.1520(a)(4), the ALJ found at step one that plaintiff had not engaged in substantial gainful activity since 17 February 2014, the alleged disability onset date. Tr. 14 ¶ 2. At step two, the ALJ found that plaintiff had the following medically determinable impairments that were severe within the meaning of the Regulations: degenerative disc disease, migraines, and dysfunction of a major joint. Tr. 14 ¶ 3. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that meets or medically equals any of the Listings. Tr. 14 ¶ 4.
The ALJ next determined that plaintiff had the RFC to perform a limited range of sedentary work as follows:
After careful consideration of the entire record, the undersigned finds that the claimant has the [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a),[5 ] except she may use an assisted devices for prolonged ambulation and walking on uneven terrain. The claimant can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, balance occasionally, stoop occasionally, kneel occasionally, crouch occasionally, and crawl occasionally. The claimant can never work at unprotected heights or with moving mechanical parts.
Tr. 15 ¶ 5.
Based on his determination of plaintiff's RFC, the ALJ found at step four that plaintiff was unable to perform her past relevant work. Tr. 17 ¶ 6. At step five, the ALJ found that there were jobs existing in significant numbers in the national economy that plaintiff could perform, including jobs in the occupations of order clerk, charge account clerk, and document preparer. Tr. 18-19 ¶ 10. The ALJ therefore *582 concluded that plaintiff was not disabled from the alleged disability onset date, 17 February 2014, through the date of his decision, 1 May 2017. Tr. 19 ¶ 11.
IV. STANDARD OF REVIEW
Under 42 U.S.C. § 405(g), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence in the record and whether the appropriate legal standards were applied. See Richardson v. Perales , 402 U.S. 389, 390, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) ; Hays v. Sullivan , 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. See Smith v. Schweiker , 795 F.2d 343, 345 (4th Cir. 1986) ; Blalock v. Richardson , 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales , 402 U.S. at 401, 91 S.Ct. 1420 (quoting Consol. Edison Co. v. NLRB , 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938) ). It is more than a scintilla of evidence, but somewhat less than a preponderance. Id.
The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. Hunter v. Sullivan , 993 F.2d 31, 34 (4th Cir. 1992). In addition, the court may not make findings of fact, revisit inconsistent evidence, or make determinations of credibility. See Craig v. Chater , 76 F.3d 585, 589 (4th Cir. 1996) ; King v. Califano , 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion. Blalock , 483 F.2d at 775.
Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. See Sterling Smokeless Coal Co. v. Akers , 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." DeLoatche v. Heckler , 715 F.2d 148, 150 (4th Cir. 1983) ; see also Radford v. Colvin , 734 F.3d 288, 295 (4th Cir. 2013).
DISCUSSION
I. OVERVIEW OF PLAINTIFF'S CONTENTIONS
Plaintiff contends that this case should be remanded for a new hearing on the grounds that the ALJ erred in failing to conduct a function-by-function analysis and because at the time his decision was issued, the ALJ's appointment did not comply with the Appointments Clause of the United States Constitution. Because the issue of the ALJ's appointment is dispositive of this appeal, the court's analysis will focus on it.
II. NON-COMPLIANCE WITH THE APPOINTMENTS CLAUSE
The Appointments Clause of the Constitution requires the President to "appoint Ambassadors, other public Ministers and Consuls, Judges of the Supreme Court, and all other Officers of the United States." U.S. Const. art. II, § 2, cl. 2. It further provides that "Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the heads of Departments." Id.
The Supreme Court in *583 Lucia v. Sec. & Exch. Comm'n , --- U.S. ----, 138 S.Ct. 2044, 201 L.Ed.2d 464 (2018), decided that ALJs of the Securities and Exchange Commission ("SEC") qualify as "Officers of the United States" subject to the Appointments Clause, 138 S. Ct. at 2049. Specifically, in Lucia , the plaintiff argued that an SEC administrative proceeding against him was invalid because the ALJ had not been constitutionally appointed and could not be considered a "mere employee" who did not require special appointment. Id. at 2050. The Supreme Court agreed and held that because the SEC's ALJs hold a continuing office established by law, exercise significant discretion in carrying out important functions, and issue decisions at the close of the proceedings, they are deemed officers subject to constitutional appointment. Id. at 2052-54.
The Court went on to conclude that " 'one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief." Id. at 2055 (quoting Ryder v. U.S , 515 U.S. 177, 182-83, 115 S.Ct. 2031, 132 L.Ed.2d 136 (1995) ) (emphasis added). The Supreme Court found that plaintiff in Lucia had made a timely challenge because he contested the ALJ's appointment when he was before the SEC and pursued the claim before the Court of Appeals and the Supreme Court. Id. As a result, the Court remanded plaintiff's claim and directed that he be given a hearing with a different ALJ who was properly appointed. Id.
Here, plaintiff contends that the ALJ who heard plaintiff's case was subject to the Appointments Clause, but was not appointed by the President, courts of law, or the Commissioner, as required, at the time the decision was issued on 1 May 2017. The Commissioner does not dispute this contention for purposes of this appeal. See Cmm'r's Mem. 6 n.2. In fact, following issuance of the Lucia decision, the Social Security Administration addressed the issue of challenges to its ALJ appointments by the Commissioner's express ratification of the appointments. See Soc. Sec. Ruling 19-1p; Titles II and XVI: Effect of the Decision in Lucia v. Securities and Exchange Commission (SEC) On Cases Pending at the Appeals Council , 84 Fed. Reg. 9582-02, 2019 WL 1202036, at *9583 (15 Mar. 2019) ("To address any Appointments Clause questions involving Social Security claims, and consistent with guidance from the Department of Justice, on July 16, 2018 the Acting Commissioner of Social Security ratified the appointments of our ALJs and approved those appointments as her own. On the same day, the Acting Commissioner took the same actions with respect to the administrative appeals judges (AAJs) who work at the Appeals Council.").
Nonetheless, the Commissioner still opposes any relief for plaintiff based on violation of the Appointments Clause. She does so on the grounds that plaintiff has forfeited any claim concerning the ALJ's appointment by not presenting it at the administrative level.
The Fourth Circuit has not addressed the question of whether issue exhaustion at the administrative level in a Social Security case is required in order to preserve the matters for review by a federal court. However, the majority of lower court decisions, within the Fourth Circuit and beyond, addressing this question have held that Lucia directs a finding that a plaintiff who fails to raise a challenge pursuant to the Appointments Clause at the administrative level is precluded from doing so later on judicial review. See, e.g., Burgin v. Berryhill , No. 1:17-CV-346-FDW, 2019 WL 1139500, at *6 (W.D.N.C. 12 Mar. 2019) ("To the extent Lucia may apply to Social Security ALJs, Plaintiff has forfeited the issue by failing to raise it during her administrative proceedings.");
*584 Stewart v. Berryhill , No 5:18-CV-85-RJ, 2019 WL 772334, at *8 (E.D.N.C. 20 Feb. 2019) ("Claimant's failure to timely challenge the ALJ's appointment before the SSA [i.e. , Social Security Administration] is a bar to this court's review of the issue on appeal from the Commissioner's decision."); Bennett v. Berryhill , No. 2:17-CV-520, 2019 WL 1104186, at *10 (E.D. Va. 15 Feb. 2019) ("All of these factors lead the Court to conclude that, to preserve Plaintiff's Appointment Clause challenge for judicial review, Plaintiff was required to raise that claim before the Social Security Administration."); Higgs v. Berryhill , No. 4:18-CV-22-FL, 2019 WL 848730, at *8 (E.D.N.C. 10 Jan. 2019) ("Here, there is no evidence in the record that Claimant challenged the ALJ's appointment in the administrative proceeding before the SSA. Claimant raised this issue for the first time before the court, and, and therefore his challenge is untimely."), rep. & recomm. adopted , 2019 WL 845406, at *1 (21 Feb. 2019).
Courts relying on Lucia to find waiver in the Social Security context seemingly read the decision to create a baseline requirement that a claim arising under the Appointments Clause will only be timely when a party raises it at the administrative level, as the plaintiff did in Lucia .[6] See, e.g., Audrey M.H. v. Berryhill , No. 17-CV-4975 (ECW), 2019 WL 635584, at *12 (D. Minn. 14 Feb. 2019) (" Lucia made it clear that, with regard to Appointments Clause challenges, only 'one who makes a timely challenge' to the administrative body is entitled to relief." (quoting Lucia , 138 S.Ct. at 2055 ) ). But the Supreme Court in Lucia did not expressly resolve or address whether any claim not raised at the administrative level before any agency would necessarily be barred, and this court will not read such a requirement into the opinion. See Bizarre v. Berryhill , 364 F.Supp.3d 418, 421, 2019 WL 1014194, at *2 (M.D. Pa. 2019) ("The [ Lucia ] majority's statement as to timeliness was not a bright-line demarcation of how and when such a claim must be brought; it simply confirmed the obvious timeliness of the fully preserved and exhausted claim as presented." (citing Associated Mortg. Bankers, Inc. v. Carson , No. 17-75, 2019 WL 108882, at *5 (D.D.C. 4 Jan. 2019) (" Lucia did not define the scope of what constitutes a timely challenge, as there was no claim in Lucia that the challenge ... was not timely raised.") ) ). Importantly, no statute or regulation has been identified that would dictate a finding that matters not raised at the administrative level are procedurally barred in Social Security proceedings.[7] Bizarre , 364 F.Supp.3d at 421-22, 2019 WL 1014194, at *3 (noting the absence of statutory, regulatory, or *585 judicial directives establishing an explicit issue exhaustion requirement in Social Security cases). Conversely, SEC regulations do contain such a requirement, further diluting any argument that the timeliness discussion in Lucia applied a bright-line rule to be applied across the board to all agencies. See 15 U.S.C. § 78y(c)(1) ("No objection to an order or rule of the [SEC], for which review is sought under this section, may be considered by the court unless it was urged before the [SEC] or there was reasonable ground for failure to do so.").
The Supreme Court's decision in Sims v. Apfel , 530 U.S. 103, 120 S.Ct. 2080, 147 L.Ed.2d 80 (2000), is instructive on the differences between Social Security proceedings and other administrative agencies and provides justification for a conclusion that any bright-line rule applying to all agencies would be inappropriate. In Sims , the Supreme Court held that a Social Security claimant denied benefits by an ALJ at the hearing level did not waive judicial review of issues that he did not present to the Appeals Council. 530 U.S. at 105, 120 S.Ct. 2080. The Commissioner in that case had argued that "a Social Security claimant, to obtain judicial review of an issue, not only must obtain a final decision on his claim for benefits, but also must specify that issue in his request for review by the Council." Id. at 107, 120 S.Ct. 2080. The Supreme Court disagreed, noting that "SSA regulations do not require issue exhaustion" and that while in some cases, courts may impose an issue-exhaustion requirement, "the desirability of a court imposing a requirement of issue exhaustion depends on the degree to which the analogy to normal adversarial litigation applies in a particular administrative proceeding." Id. at 108-09, 110, 120 S.Ct. 2080 ("Where, by contrast, an administrative proceeding is not adversarial, we think the reasons for a court to require issue exhaustion are much weaker.").
As to the non-adversarial nature of Social Security proceedings, the Supreme Court stated:
The differences between courts and agencies are nowhere more pronounced than in Social Security proceedings. Although "[m]any agency systems of adjudication are based to a significant extent on the judicial model of decisionmaking," 2 K. Davis & R. Pierce, Administrative Law Treatise § 9.10, p. 103 (3d ed.1994), the SSA is "[p]erhaps the best example of an agency" that is not, B. Schwartz, Administrative Law 469-470 (4th ed.1994). See id. , at 470 ("The most important of [the SSA's modifications of the judicial model] is the replacement of normal adversary procedure by ... the 'investigatory model' " (quoting Friendly, Some Kind of Hearing, 123 U. Pa. L. Rev. 1267, 1290 (1975) ) ). Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits, see Richardson v. Perales , 402 U.S. 389, 400-401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), and the Council's review is similarly broad. The Commissioner has no representative before the ALJ to oppose the claim for benefits, and we have found no indication that he opposes claimants before the Council.
Id. at 110-11, 120 S.Ct. 2080. The Court accordingly held that issue exhaustion by the Appeals Council was not required. Id. at 112, 120 S.Ct. 2080.
Importantly, though, for purposes of the instant analysis, the question of whether a claimant is required to exhaust issues before the ALJ at the hearing level was specifically not before or addressed by the Court in Sims . Id. at 107, 120 S.Ct. 2080. Nevertheless, the court finds the reasoning in Sims , which addressed and considered the nature of Social Security *586 proceedings before both an ALJ and the Appeals Council, to provide persuasive support for the conclusion that a claimant in the Social Security context is not required to raise a challenge to the ALJ's appointment at the hearing level to avoid forfeiture of the claim. See Fortin v. Comm'r of Soc. Sec. , No. 18-10187, 2019 WL 421071, at *4 (E.D. Mich. 1 Feb. 2019) (rep. & recomm. pending rev.) ("[I]t is hard to reconcile Sims 's reasoning that Social Security proceedings before an ALJ are non-adversarial and thus profoundly dissimilar to court litigation with a finding that a judicially-created issue-exhaustion requirement is compatible with Sims 's holding.").
In the instant case, the ALJ made a statement at the outset of the hearing about its nature and consequences, essentially establishing the ground rules for the hearing. The ALJ began by telling plaintiff that "[t]his is just an informal fact-finding process." Tr. 27. He went on to say:
The way I explain it to people, it's no worse than if you and me were just sitting in your living room talking about your life. This isn't Law and Order. This isn't some kind of show that you're watching where every one is getting cross-examined. It's real low key, no big deal.
Tr. 28. The ALJ's statement certainly indicates the non-adversarial nature of the hearing. But it goes well beyond that in its benign characterization of the proceeding. The ALJ equates the hearing to a casual conversation in plaintiff's home with no legal consequences at all. The ALJ's statement thereby reinforces the propriety of not applying the exhaustion requirement in this case.
Even if the exhaustion requirement were deemed to apply, the principles espoused in Freytag v. Cmm'r of Internal Revenue , 501 U.S. 868, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991) would support the court's exercising its discretion to find that no waiver occurred. In Freytag , the court heard a challenge to the appointment of special trial judges in the United States Tax Courts. 501 U.S. at 880-81, 111 S.Ct. 2631. The Supreme Court determined that the special trial judges were inferior officers and analyzed whether plaintiff had forfeited a challenge to the appointment of the judge handling his case by objecting to it for the first time to the Fifth Circuit. Id. at 878, 111 S.Ct. 2631. The Supreme Court held that the courts retained discretion to hear such claims in the "rare cases" where a constitutional challenge was "neither frivolous nor disingenuous" and goes "to the validity of the Tax Court proceeding that is the basis for this litigation." Id. at 879, 111 S.Ct. 2631 ("We conclude that this is one of those rare cases in which we should exercise our discretion to hear petitioners' challenge to the constitutional authority of the Special Trial Judge.").
The Supreme Court's reasoning in Freytag applies equally in this case. The challenge here to the ALJ's appointment is neither frivolous nor disingenuous and goes to the validity of the proceeding itself. Therefore, even if issue exhaustion were deemed to apply, the court would have the discretion to consider the Appointments Clause issue. See Cirko o/b/o Cirko v. Berryhill , No. 1:17-CV-680, 2019 WL 1014195, at *1 (M.D. Pa. 4 Mar. 2019) (relying on its reasoning in Bizarre to hold that "there exists no clear statutory, regulatory, or judicial authority requiring claimants to exhaust an Appointments Clause challenge before the Social Security Administration or warning that failure to do so will forfeit judicial review of that claim" and that even if such did exist, "the circumstances warrant an exercise of the court's discretion under Freytag " because the challenge was "neither frivolous nor disingenuous").
*587 The court finds that this is one of the "rare cases" contemplated by Freytag in which it should exercise its discretion to find that no waiver occurred, again, assuming the exhaustion requirement applied. The ALJ's statement to plaintiff about the nature and significance of the hearing he was about to conduct helps establish this case as among the "rare ones" and bolsters the appropriateness of finding that she did not waive her Appointments Clause claim. While it is not unusual for an ALJ to make an opening statement at a hearing, particularly to help put the claimant at ease, the statement by the ALJ here was extreme and starkly atypical in its characterization of the hearing as a benign proceeding devoid of legal consequence-that is, akin to a casual conversation in plaintiff's home about her life. The statement effectively encouraged plaintiff not to be vigilant in protecting her rights and interests during the hearing. The court declines to indulge in the presumption-which would be to the ALJ's and Commissioner's benefit-that plaintiff's counsel's handling of the hearing and the Appointments Clause claim in particular were not affected by the ALJ's statement. Under the specific circumstances presented, it would be manifestly unfair to find waiver by plaintiff of her Appointments Clause claim.
In sum, the court concludes that the exhaustion requirement did not apply to plaintiff's Appointments Clause claim pursuant to Sims based on the non-adversarial nature of the Social Security disability process. Alternatively, if the exhaustion requirement is deemed to apply, the court exercises its discretion under Freytag to find that no waiver occurred.
Turning then to the merits of plaintiff's Appointments Clause claim, the court, in accordance with the uncontested contention of plaintiff, concludes that the ALJ who decided plaintiff's case was appointed in violation of the Appointments Clause. Particularly in light of the Social Security Administration having since corrected the appointment process, remand for a new hearing before a different ALJ is the appropriate remedy for this violation. See Lucia , 138 S.Ct. at 2055 ; Soc. Sec. Ruling 19-1p, 2019 WL 1202036, at *9583 (outlining process in cases where claimant makes a appointments clause challenge at the administrative level and directing that a "new and independent review of the claims file" be conducted and the case remanded "to an ALJ other than the ALJ who issued the decision under review, or [for the Appeals Council] to issue its own new decision about the claim covering the period before the date of the ALJ's decision."); Bizarre , 364 F.Supp.3d at 425, 2019 WL 1014194, at *7 (deeming Appointments Clause claim timely and remanding "for rehearing before a constitutionally appointed ALJ").
The court emphasizes that the issue presented by plaintiff's Appointments Clause claim is overwhelmingly a legal one and that the claim is not a matter that falls within the scope of an ALJ's usual fact-finding duties, if it is within the scope of an ALJ's authority at all. See infra n. 6. Therefore, nothing in this Order shall be interpreted as excusing a claimant from the burden of presenting evidence and otherwise showing at the administrative level that he or she is disabled pursuant to the Regulations and other applicable provisions of law. See, e.g. , 20 C.F.R. § 404.1512(a)(1) ; Cooke v. Colvin , No. 1:17CV841, 2018 WL 3999636, at *6 (M.D.N.C. 21 Aug. 2018) ("Plaintiff abandoned his request for IQ testing while his claim remained pending before the ALJ. Plaintiff cannot now complain that the ALJ failed to rule on Plaintiff's request for IQ testing (or failed to order such testing) when he had two different opportunities to raise those matters before the ALJ but failed to do so."), mem. & recomm.
*588 adopted sub nom. Cooke v. Berryhill , 2018 WL 4688318, at *1 (28 Sept. 2018), appeal docketed , No. 18-2274 (4th Cir. 26 Oct. 2018); Bagliere v. Colvin , No. 1:16CV109, 2017 WL 318834, at *8 (M.D.N.C. 23 Jan. 2017) (holding that by failing to challenge VE's testimony at the hearing, plaintiff waived a challenge to the ALJ's omission of additional restrictions in plaintiff's RFC), mem. & recomm. adopted , Ord. & J. (D.E. 20) (23 Feb. 2017); Bunton v. Colvin , No. 1:10CV786, 2014 WL 639618, at *5 (M.D.N.C. 18 Feb. 2014) (finding plaintiff waived a challenge to his ability to perform jobs identified by the vocational expert when no opposition or alternative hypothetical were posited at the hearing before the ALJ), mem. & recomm. adopted , J. (D.E. 22) (10 Mar. 2014); Tolliver v. Astrue , No. 3:09CV372-HEH, 2010 WL 3463989, at *6 (E.D. Va. 3 Sept. 2010) (holding that requirement that plaintiff present issues relevant to his disability claim to the ALJ is not the equivalent of issue-exhaustion).
CONCLUSION
For the foregoing reasons, IT IS ORDERED that plaintiff's motion (D.E. 14) for judgment on the pleadings be ALLOWED, the Commissioner's motion (D.E. 16) for judgment on the pleadings be DENIED, and this case be REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for a new hearing before an ALJ different from the one who issued the decision at issue in this appeal. In making this ruling, the court expresses no opinion on the weight that should be accorded any piece of evidence or the outcome of this case, matters that are for the Commissioner to resolve. The Clerk is DIRECTED to close this case.

The versions of the regulations and Social Security Rulings cited by the undersigned herein are those applicable to this appeal of the ALJ's decision.

See also 20 C.F.R. § 404.1545(a)(1). This regulation is the counterpart for DIB to the above-cited regulation, which relates to Supplemental Security Income ("SSI"). The statutes and regulations applicable to disability determinations for DIB and SSI are in most respects the same. The provisions relating to DIB are found in 42 U.S.C. subch. II, §§ 401, et seq. and 20 C.F.R. pt. 404, and those relating to SSI in 42 U.S.C. subch. XVI, §§ 1381, et seq. and 20 C.F.R. pt. 416.

See also 20 C.F.R. § 404.1545(a)(2).

See also 20 C.F.R. §§ 404.1520(a)(4)(v) ; 404.1560(c)(2); 404.929.

This regulation describes sedentary work as "involv[ing] lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a) ; see also Dictionary of Occupational Titles (U.S. Dep't of Labor 4th ed. rev. 1991) ("DOT"), app. C § IV, def. of "S-Sedentary Work," 1991 WL 688702. "Sedentary work" and the other terms for exertional level as used in the Regulations have the same meaning as in the DOT. See 20 C.F.R. § 404.1567.

Lucia was decided on 21 June 2018, after the administrative proceedings in this case had been completed and this appeal had been filed. Given the other grounds upon which it resolves plaintiff's Appointments Clause claim, it need not address whether this chronology bears on the timeliness of plaintiff's assertion of her claim. Similarly, the court need not rule on plaintiff's argument that assertion of her Appointments Clause claim before the ALJ would have been futile, and her non-assertion of it therefore did not affect its waiver, by virtue of the Commissioner's own issuance of an Emergency Message EM-18003 (30 Jan. 2018) providing that ALJs lack the authority to rule on Appointments Clause claims and instructing them not to do so. See also EM-18003 REV (26 Dec. 2018) (replacing EM-18003); EM-18003 REV 2 (6 Feb. 2019) (replacing EM-18003 REV).

Social Security regulations do provide that objections to issues to be decided at the hearing should be identified "at the earliest possible opportunity," 20 C.F.R. § 404.939. There is also a regulation providing for expedited appeals in certain instances, including a challenge on constitutional grounds. Id. § 404.924(d). No regulation has been identified that expressly requires a claimant to present an issue at the administrative level or face forfeiture of that claim.